EARL FRUIT COMPANY v. THURSTON COLD-STORAGE & WAREHOUSE COMPANY.[1]

February 27, 1895.

No. 9011.

**Review on Appeal—Adhering to Theory Pursued Below.**

When a plaintiff has secured a verdict in the court below upon the theory that certain evidence introduced by him was necessary in order to recover, and the verdict has been set aside because of erroneous rulings when admitting such evidence, or because it was insufficient to support the verdict, he cannot shift position on appeal, and contend that such evidence was wholly unnecessary; and hence the errors of the court when receiving it, or its insufficiency, cannot be considered.

**Usage and Custom.**

Application of the rules as to usage and custom laid down in Nippolt v. Firemen's Ins. Co., 57 Minn. 275, 59 N. W. 191.

[1] Reported in 62 N. W. 439.

Appeal by plaintiff from an order of the district court for Ramsey county, Kerr, J., granting defendant's motion to set aside a verdict in favor of plaintiff for $1,011.43 and for a new trial. The facts are stated in the opinion. Affirmed.

*Van Fossen, Frost & Brown*, for appellant.

*Flandrau, Squires & Cutcheon*, for respondent.

COLLINS, J. The complaint in this action was drawn upon the theory that as a matter of law, without regard to any custom concerning advances and expenses which might exist between factors or commission men, the plaintiff was entitled to recover of defendant the difference between what it had realized from a sale of the apples and the total amount it had advanced as the goods were shipped, its necessary expenses incurred for freight and in selling, and its stipulated commission per barrel,—the alleged difference being quite a sum of money, because of the unsound and worthless condition of the property. The answer alleged that the apples belonged to one Porter; that plaintiff was to handle and dispose of them on his account, not for defendant; and that the advances made were to Porter, payment being to defendant solely that it might pay for Porter an indebtedness incurred by him to certain banks for and on account of the apples,—all of which was understood and agreed to by plaintiff,—and that defendant so applied the amount received by it in liquidation of this indebtedness. The answer also put plaintiff on its proof as to the sum realized in disposing of the property. The reply made no other issues, and, as will have been seen, there was nothing in the pleadings tending to show that either party relied upon any special custom existing between principal and factor as to repayment by the former in case advances made, freight and cartage charges, and other necessary expenses paid or incurred by the latter, exceeded the amount realized on sales.

But the plaintiff's counsel assumed on the trial that it was incumbent upon them to prove a general usage or custom in reference to the reimbursement by the principal in case of a deficit, and, by their first witness, attempted to show that there was a general, uniform, and well-recognized usage and custom with reference to the right, and which established the right, of a factor to recover from his principal the amount advanced on acceptances paid for freight and cart-

age, and for repacking goods requiring such repacking.     Such testimony was objected to by defendant's counsel as incompetent, irrelevant, immaterial, and not pleaded, and the objection was sustained; whereupon counsel asked leave and were allowed to amend their compliant by alleging such usage and custom with reference to moneys necessarily expended by the factor for freight and cartage. No other amendment was asked or allowed, and hence the usage and custom as to repayment for advances was not alleged in any of the pleadings.     But, notwithstanding defendant's objections, plaintiff's counsel were persistent in attemping to prove, and were allowed to introduce testimony tending to prove, a general, uniform, and well-recognized usage and custom among factors as to reimbursement in case of a deficit; and repeatedly during the trial the court denied motions made by defendant's counsel to strike out such testimony. Again, when charging the jury, the court placed plaintiff's right to recover upon the existence of such usage and custom among factors and parties dealing with them, and the proofs of the same which had been produced by plaintiff.     To this branch of the charge, defendant's counsel excepted, but plaintiff's counsel acquiesced, for their whole case had been presented upon the theory that they must recover by reason of the usage and custom, if at all.     We have been quite particular in stating the attitude of plaintiff's counsel on the trial, because we find in their brief the unqualified assertion that they contended below that evidence as to usage and custom was wholly unnecessary to establish plaintiff's right to recover, and, devoting a large part of their brief to the question, they proceed to argue that the verdict is sustainable irrespective of such evidence, because it is the rule, as they claim, that a principal is liable to his factor, as he would be to any other agent, for advances and necessary expenses and disbursements.     If counsel contended on the trial that such evidence was unnecessary, and that they could recover without it, they succeeded admirably in concealing the fact from the opposing counsel and from the court, and they were also exceedingly successful in having the record show directly to the contrary.     We have no hesitation in saying that the record is conclusive against the counsel on the claim now made.     They took the position we have referred to as to what was needed to make out a case for recovery against defendant, and procured from the court a

ruling by which an amendment was made to the complaint so that part of their testimony might not be held objectionable.   At their instance, testimony concerning usage and custom was received against objections made by defendant's counsel, and they success-fully opposed the motions made by the latter to strike out such tes-timony; and, finally, the court charged the jury in accordance with their views as to what evidence was required in order that their client could recover, and by what rules of law the case was to be determined.   They deliberately fixed their position on the trial as to the absolute need of proof of usage and custom, and must be held to it when we are determining the correctness of the order appealed from.   Testing the order by the rules of law, which obtained and governed at the trial, at plaintiff's instance, and, whether right or wrong, must be accepted as the law of this case when considering that trial, we are completely satisfied that it must be sustained. The defendant corporation was in the storage and warehouse busi-ness.   It was not a commission merchant.   Its officers had no knowledge, according to the evidence, of the existence of the usage and custom as to reimbursement for advances relied upon by plain-tiff, and therefore could not be bound by such usage and custom, unless it had become so general, long established, and notorious that defendant must be presumed to have knowledge of it.   Nippolt v. Firemen's Ins. Co., 57 Minn. 275, 59 N. W. 191.   The proofs fell far short of showing that the usage and custom was either long established or notorious, nor do plaintiff's counsel claim to the con-trary.   Again, we quite agree with the court below in the proposi-tion that, in any event, the verdict was excessive.

Order affirmed.