BRENNECKE BROTHERS v. A. W. HEALD, Appellant.

**Contracts:** EVIDENCE. Where there is an issue as to whether a writing constitutes the contract between the parties, evidence of an alleged verbal contract is admissible.

**Damages:**  FALSE REPRESENTATION.   The measure of damages for false representation that mortgaged property sold was free from incumbrance, is the value of the property which was not delivered or which was taken from the purchaser and lost to him because of the mortgage.

**Instructions:**  CONSTRUED.   An instruction that, if a writing was not so signed or accepted as to become a contract the jury might consider it in determining the terms of and parties to the contract, if not objectionable as instructing that, though the jury find the writing to be the contract, they might consider it an oral contract.

SAME.   An instruction that plaintiff's damages for breach of contract for the sale of property was the value of the property "and rights," is not misleading, where the good will of the business was part of the consideration, and one of the rights claimed to have been lost by plaintiff.

**Appeal:**  INSTRUCTIONS.   An instruction that if the writing under which one of the parties' claims was not so signed or accepted as to become a contract between them the jury may yet consider it in determining the terms of and the parties to the contract, is favorable to the one claiming thereunder and not to be complained of by him.

*Harmless error.*   A reference in the statement of the issues to the jury to allegations which are not submitted to the jury because there are no proofs in regard thereto, is not prejudicial.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

FRIDAY, JANUARY 27, 1899.

PLAINTIFFS bring this action to recover damages in two counts,—the first, to recover for a breach of contract; and the second, to recover for false and fraudulent representations.   Issues were joined as will hereafter appear, and, on trial had, verdict and judgment were rendered in favor of the plaintiffs for three hundred and fifty dollars.   Defendant appeals.—*Affirmed.*

*Bindford & Snelling* and *J. M. Whitaker* for appellant.

*J. M. Parker* for appellees.

GIVEN, J.—I.   The defendant sold and delivered to the plaintiff firm, for the consideration of three hundred and

fifty dollars, certain tools, implements, and supplies kept in a certain meat market on leased premises in the city of Marshalltown, and one buggy and set of harness. The plaintiffs claim that the contract was verbal, and that defendant agreed, as part of the consideration, that he would secure from the owner of the building, for the plaintiffs, a lease for the term of one year, with the privilege of two more years, at a rental of fifty dollars per month; and they allege that he failed to do so, to their damage. The defendant claims that the contract was in writing, and that thereby the plaintiffs assumed the existing lease, and denies that any other contract was made. He sets out a writing claimed to be the contract, reciting that, for the consideration of three hundred and fifty dollars, "I hereby agree to turn over to Brennecke Bros. the following property." Here follows an enumeration of the tools, etc., and then the following: "The said Brennecke Bros. to assume the lease now on said building belonging to Mr. Bailey, and occupied by the Huffaker Meat Co." There is no provision in this writing for the defendant procuring a lease for the plaintiffs.

The defendant's first contention is that the court erred in admitting evidence over his objection tending to show a verbal contract. There is evidence tending to show that this writing was made out at the time of the sale, but not signed by the plaintiffs, and there is a conflict as to whether it was accepted by them. The court instructed that it was claimed by the plaintiffs that the contract was in parol, and by the defendant that this writing was the contract, and that "it is for the jury to determine the truth as to that; and, in determining that question, you should consider the testimony of the witnesses, and all the circumstances bearing upon the question. If you find that said original written matter, called by the defendant the 'written contract,' was made by the parties to this action, and was seen, read, and understood by them, at the time of the payment of the money, or before, and they assented to or did not object to the statements therein contained, even though the same may not have

been signed by the parties, or signed by one, and delivered to and accepted by the other, still you have a right to consider it in determining the terms of and parties to the contract, even should you determine the contract to be oral. If you find that said written contract, alleged by defendant, was signed by the defendant for himself, or for the Huffaker Meat Company, and also find that the same was known to and understood by the plaintiff, and was accepted by it, as its provisions are decisive of the material question in this case, your verdict should be for the defendant." There being an issue as to whether this writing constituted the contract, there was no error in admitting the evidence objected to, nor in overruling defendant's motion for a verdict, and submitting that issue to the jury.

II.   Objections are urged to the statement of the issues as made by the court. The statements are in accord with the pleadings, and, while it is true they do refer to allegations that were not submitted to the jury because of there being no proofs, there was no prejudice from the reference made to these allegations.

It is complained that the court erred in instructing that, if the writing was not so signed or accepted as to become the contract, still the jury might consider it in determining the terms of and parties to the contract. This was favorable to the defendant, and did not, as contended, instruct the jury that, though they found the writing to be the contract, they might consider it an oral contract.

III.   Plaintiffs, in the second count, alleged that the defendant represented the property as free from incumbrance, while, in fact, Mr. Bailey had a chattel mortgage on the same for rent in the sum of one thousand five hundred dollars, and that said property was taken from the plaintiffs under said mortgage, to their damage. The court instructed: "If you find for the plaintiff, its measure of recovery will be the value of the property and rights, as shown by the evidence, purchased by the plaintiff,

and not delivered, or taken from and lost to plaintiff by reason of the aforesaid lien and incumbrance." Complaint is made of the use of the words "and rights." Whether the contract was as claimed by the plaintiffs or the defendant, the good will of the business was part of the consideration, and one of the rights claimed to have been lost by the plaintiffs. It is insisted that this instruction was confusing, and that there was no evidence as to the value of the property when taken under the landlord's lien. We think the instruction is in line with the evidence, and correctly stated the measure of damage. We find no prejudicial error in any of the respects complained of, and the judgment is AFFIRMED.