GEISER MANUFACTURING COMPANY v. LOUIS YOST and Another.[1]

June 19, 1903.

Nos. 13,512—(151).

**Sale—Oral Contract.**

In an action brought to recover the purchase price of a threshing machine, the defense was made that the machine was not delivered to defendants in pursuance of a written order, but that it had been sold to defendants under a subsequent and independent oral contract by the local agents, who claimed to be the owners. *Held*:

**Submission to Jury.**

1. The fact that the trial proceeded for a considerable time upon the theory that one of the issues was whether the machine was equal to the warranty, and was finished and finally submitted to the jury upon the real issue in the case, was not prejudicial to appellant.

**Burden of Proof.**

2. The burden of proof was upon appellant to show that the order was accepted, and the machine shipped and delivered to defendants in pursuance thereof.

**Evidence—Verdict.**

3. It was not error to receive testimony concerning the oral contract with the agents for the purchase of the machine, and the provision in the written order to appellant prohibiting agents from making any other agreement had no application to the contract in question. The verdict is sustained by the evidence.

[1] Reported in 95 N. W. 584.

Action in the district court for Freeborn county to recover from defendants $594, being the purchase price of a threshing machine, alleged to have been sold and delivered by plaintiff to defendants under a written contract. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

The part of the charge relating to the burden of proof was as follows:

> That is an issue of fact in this case and upon that issue of fact, the burden of proof rests upon the plaintiff; that is to say, the plaintiff must prove to your satisfaction by a preponderance of the evidence that the contract was performed on the part of the plaintiff by delivering the machine to the defendant, pursuant to the contract; and if the plaintiff has failed to satisfy you upon that question by a preponderance of the evidence, taking all the evidence into consideration, the plaintiff in this case is not entitled to recover.

*H. E. Long* and *Morgan & Meighen,* for appellant.
*Heman Blackmer* and *H. H. Dunn,* for respondents.

LEWIS, J.

In May, 1900, respondents signed and delivered through Paine, Shanor & Co., of Albert Lea, Minnesota, local agents of appellant, an order for a threshing machine. The order contained a condition that respondents would execute and deposit in any bank in Albert Lea a note for $350, and if the machine came up to the warranty the note should be delivered to appellant; otherwise to be cancelled and returned to respondents. There was also the provision that respondents would deliver a certain old machine as the balance of the purchase price in case the new machine was finally accepted. This action was brought for the purpose of recovering the full amount of the purchase price, with interest; it being alleged in the complaint that the order was accepted by appellant, and the machine duly forwarded and received by respondents, but that they had failed to pay for the same, or to deliver the old machine, and to execute and deliver the promissory note, as agreed.

In their answer respondents admitted the execution of the order, but denied that it had been accepted by appellant, and denied that the machine had been shipped and delivered to respondents in pursuance of such order, and alleged that appellant refused to accept the order and ship the machine in accordance with its terms; that respondents thereupon entered into a new contract, with the usual warranty, for the purchase of a machine of the same character, from the firm of Paine, Shanor & Co., of Albert Lea; that they executed their promissory note for the sum of $350 to Paine, Shanor & Co.; that the machine did not comply with the warranty; and that it had been returned by them for that reason.

The trial below proceeded for a considerable time upon the theory that one of the issues before the court was whether or not the machine was in accordance with the warranty, and during such time the appellant objected to the introduction of evidence upon the point. Finally the court came to the conclusion that the question of warranty was not one of the issues presented by the pleadings, and expressed the view that there was but a single issue on trial, which was whether the machine was delivered to respondents under the written order, as alleged in the complaint, or whether it was delivered to them under an oral contract with Paine, Shanor & Co. Counsel for appellant then admitted that appellant could not recover at all unless upon the written order, and counsel for respondents stated that, under the rulings of the court, respondents could perhaps shorten the trial of the case; and it was then conceded that, unless appellant was entitled to recover upon the written contract, it was not entitled to recover at all, whereupon counsel for respondents did not offer any further proof of the breach of warranty. In submitting the case to the jury, the court charged that the question of warranty had been eliminated from the case, and submitted one question only, as above stated. A verdict was returned for respondents, and appeal was taken from an order denying the motion for a new trial.

1. We are unable to discover that, under the circumstances, appellant was prejudiced by the submission of the case to the jury. Respondents seem to have proceeded upon the theory that appellant would be entitled to recover, even though the purchase was made by oral contract with the agents; and, although considerable testimony with

reference to the character of the machine was received during the early part of the trial, it was not necessarily prejudicial. Appellant consented to go on and finish the trial in .the manner indicated by the court, and it is not to be supposed that appellant was deprived of a fair trial upon the issue before the court by the mere fact that testimony had been received concerning the character of the machine, especially in view of the instructions of the court.

2. The burden of proof was upon appellant to show that the order for the machine was accepted by it, and that the machine was shipped and delivered in pursuance thereof, and the court did not err in so instructing the jury. The order for the machine contained a provision that it was subject to the acceptance of appellant. No presumption of acceptance arose from the mere fact of the signing of the order by respondents. It took some act on the part of appellant to constitute an acceptance of the order. It might be by a writing to that effect, or .by an oral notification, or by a delivery of the machine. According to the evidence, no machine was actually delivered to respondents until July 21. There was evidence tending to show that no delivery by appellant was intended, and the mere fact that respondents on July 21 secured possession of a similar machine from the local agents of appellant did not, under the evidence, shift the burden of proof from appellant to respondents, and call upon them to assume the burden of showing that they did not come into possession of the machine in pursuance of a purchase under the order. The burden which appellant assumed in respect to the purchase and delivery remained with it throughout the trial. There was no error in the instructions on this question.

3. The order for the machine stipulated that no agent had any authority to in any way change the warranty or make any agreement aside from the contract, and that the signers of the agreement would not hold appellant responsible for any agreement not expressed on the face of the order. The evidence shows that, prior to the execution of the order upon which the suit is brought, respondents signed another order, similar to the one in question, with the exception that the note was not to be given until the machine had been taken and tested under the ·guaranty. That order · was procured by the local agents, Paine, Shanor & Co., and forwarded by them to appellant. It was refused

by appellant, and respondents were so notified by the local agents, whereupon the second order was procured by the same parties, making the change as to the delivery of the note pending the trial of the machine. The order states upon its face that the machine was to be shipped for the signers to Albert Lea, and it was shipped to the agents.

There was a sharp conflict of testimony as to whether there was a new and independent contract of purchase between respondents and Paine, Shanor & Co. Respondents testified that they were informed by a member of the agency company on June 26 that the machine had not yet arrived, and he did not know whether it ever would arrive; that on July 21 a member of the firm stated that appellant would not deal with them, but that the agents would, and that they had a machine on hand which they would sell to them; and that accordingly a purchase was made on the same terms as specified in the order. It was admitted that a note was given for the same amount specified in the written order payable to the order of Paine, Shanor & Co.; that a book account was opened, in which the agency charged respondents for the machine at the purchase price, and gave credit for the note. There was no evidence to the effect that respondents had received notice of the acceptance of the order and the arrival of the machine prior to July 21, except that a letter had been mailed by appellant to that effect; but it was testified to by respondents that the place where they received their mail was not the post office to which the letter was sent, and they positively denied having received any such notice.

So there was a square issue upon the question, did appellant accept the order, and ship the machine to the firm of Paine, Shanor & Co. in pursuance thereof, and were respondents notified of that fact? Having constituted the local agency its representative for the purpose of taking orders and forwarding them to the home office in Pennsylvania, and having constituted such agency as its representative for the purpose of communicating information with respect to the orders, it follows that whatever information such agents gave concerning the same was binding upon their principals. If any member of the firm of Paine, Shanor & Co. informed respondents that the machine had not arrived under the order, or that the company refused to have any dealings with them, then the respondents were justified in accepting such information as conclusive. The proviso in the order as to the

variations of the contract by an agent has no bearing on the case unless it was conclusively shown that the machine was delivered in pursuance of such contract. The question of acceptance and delivery being at issue, respondents were not estopped by the clause referred to; and for this reason the cases of Gaar, Scott & Co. v. Patterson, 65 Minn. 449, 68 N. W. 69, and Olson v. Aultman Company, 81 Minn. 11, 83 N. W. 457, do not bear the application contended for by appellant. The evidence as to the oral contract was within the issues and competent.

The case was fairly submitted to the jury. The evidence reasonably tends to support the verdict. We find no reversible errors in the rulings of the court, and the order appealed from is accordingly affirmed.

Order affirmed.