DOWAGIAC MANUFACTURING COMPANY v. J. P. WATSON and Another.[1]

June 26, 1903.

Nos. 13,435—(145).

**Sale.**

In an action brought to recover the purchase price of machinery claimed to have been purchased and delivered pursuant to a written contract, *held:*

**Evidence of Custom.**

1. It was not error to refuse to receive evidence as to the custom of receiving and mailing notices of acceptances of such contracts. The evidence was sufficient to justify the conclusion that the written contract had not been accepted by appellant.

**Burden of Proof.**

2. (a) Respondents having claimed that the machinery was delivered to them in pursuance of an oral contract entered into after the written instrument had been refused by appellant, the burden of proof was upon them to show that the machinery was shipped and delivered in pursuance of such oral contract.

**Authority of Agent.**

(b) The evidence tended to show that the same traveling agent of appellant who secured the original written contract called and conferred with

[1] Reported in 95 N. W. 884.

respondents at their place of business, and immediately thereafter the machinery was shipped from appellant's place of business to respondents. If true, such facts constituted apparent authority.

**Oral Contract.**

(c) The facts were sufficient to warrant the jury in finding that the oral contract was entered into, and that the machinery was delivered in pursuance thereof.

**Written Agreement.**

(d) The oral agreement was not prohibited by the written contract, which provided that its terms should not be modified, except in writing, for the reason that, under the findings of the jury, the original agreement had not been accepted.

Action in the district court for Lyon county to recover $1,650, the purchase price of certain machinery alleged to have been sold and delivered to defendants under a written contract. Defendants in their answer denied the contract and interposed a counterclaim of $323.05 for freight charges and storage. The case was tried before Webber, J., and a jury, which rendered a verdict in favor of defendants for $28.20. From a judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*H. H. Potter,* for appellant.

*Virgil B. Seward,* for respondents.

LEWIS, J.

November 8, 1898, appellant by its agent, L. Van Hecke, and respondents entered into a written contract at Marshall, Minnesota, the home of respondents, by the terms of which respondents were authorized for the season of 1899 to sell, on certain terms, the grain-seeding machinery manufactured by appellant, and which provided that no agreements, considerations, or stipulations modifying or changing the contract should be recognized as binding, unless in writing and signed by appellant or its duly authorized agent; the contract being subject to the approval of appellant company. The instrument, when signed by respondents, was forwarded by Van Hecke to his principal at Dowagiac, Michigan. On November 26 appellant wrote a letter to respondents, stating there was a balance due on the old account which had not been paid, though often requested, and that

appellant could not arrange for future business until the old account was properly disposed of. On February 6 following, Van Hecke called on respondents at their place of business, and it is claimed by respondents that a new and oral contract was entered into, in pursuance of which a carload of drills was subsequently shipped to them. This action was brought for the purpose of collecting the amount due under the written contract for the purchase price of the machinery.

Respondents answered that the written contract had never been accepted by appellant, and that the drills were not shipped under its provisions, and as a counterclaim alleged that on February 6 they had entered into a contract by the terms of which appellant was to ship a carload of drills to respondents, who should receive and store them, selling as many as possible at appellant's prices, and that all of the drills remaining unsold at the end of the season should belong to appellant, who would accept a return of them, or order them shipped to other points, and that plaintiff would pay for all freight.

The court submitted to the jury the question whether the written contract was accepted and approved by appellant, and directed, if they found by the evidence that, as contended for by respondents, the oral contract had been executed, and the drills delivered thereunder, to return a verdict for respondents for the amount of the freight paid by them, and for the reasonable value of storage. The jury having returned a verdict for respondents, appeal was taken from the judgment.

There are only two questions which call for any notice on this appeal:

1. In support of its allegation that the written contract had been accepted and approved by it, appellant attempted to show that on February 9 a certain letter had been written by appellant to respondents, which accepted the order for the carload of drills, and specifically referred to the written contract. Mr. Fowle, the sales manager at the home office, was called as a witness, and asked what his duties were with respect to passing upon contracts. This was objected to as not being the best evidence, and the objection was sustained. Appellant then offered to prove by the same witness that, on receipt of contracts such as the one in question, it was the custom for the witness to turn them over to an assistant, with instructions to mail notices of acceptance to the agents whose contracts were accepted, and that Exhibit 8

(the letter in question) was a copy of such notice found by the witness in the files of appellant company at Dowagiac. Similar offers and questions were made, tending to show what the practice and custom was with reference to such contracts and their acceptance, and the offer also included proof that the witness was authorized to act in such general capacity by the board of directors.

All of this evidence was rejected upon the ground that it was not the best evidence, and incompetent, irrelevant, and immaterial. The object of the evidence was to show that the original written contract signed by respondents was in fact accepted by appellant, and that a letter or notice to that effect had been sent out under the date of February 9. The evidence was properly rejected. Whether the contract was accepted did not depend upon the authority with which the sales manager was clothed at the main office. Nor did it depend upon what the custom was in respect to the disposition of such contracts when they were received by the agents, for, if the witness' authority had been fully established, and if the custom had been duly proven, it would not follow that in this particular instance the letter of acceptance was in fact written and mailed. If the offer included a copy of the letter or notice which had been sent out, it could only be made competent after notice had been served upon respondents to produce the original, and the record is silent upon that point. There was no error in the rulings of the court in this regard. The evidence reasonably tended to support respondents' contention that the written contract had never been accepted, and that the machinery was not sold and delivered to them under its provisions, and the verdict must be sustained in that respect.

2. The burden of proof was upon respondents to show that they came into possession of the machinery in pursuance of the verbal contract, in order to enable them to recover under their counterclaim for freight prepaid and for storage. The testimony on their behalf tends to support their contention, unless it appears that the agent, Van Hecke, had no authority, express or apparent, to enter into such a contract on behalf of appellant, and unless such oral contract was prohibited by the provisions contained in the written one. It is very clear that it is immaterial what Van Hecke's actual authority was, provided he was clothed with apparent authority to enter into such an oral

arrangement. If true that the written contract had not been accepted, but had, on the contrary, been refused, as the evidence indicates, and that after such refusal appellant sent the same traveling agent who took the written contract· from respondents to confer with them, and, as a result of such conference, appellant shipped a carload of machinery to them at their usual place of business, it was a question of fact for the jury to determine in what capacity respondents were dealing with appellant. Certainly it might reasonably be inferred that appellant was ready to deal with respondents upon some other basis, from the fact that it sent the same agent to confer with them. The machinery was shipped a few days thereafter; it does not appear that the old account had been paid; and it not appearing that the letter, Exhibit 8, was mailed or received, the evidence is sufficient to support the verdict on the counterclaim.

There was no error in receiving evidence as to the oral contract. If the original written agreement had not been accepted, the provision against oral changes had no application. The case ·is similar to Geiser Mnfg. Co. v. Yost, supra, page 47.

Judgment affirmed.