NICHOLAS BURGRAF v. JOHN T. BYRNES.[1]

May 29, 1908.

Nos. 15,614—(161).

**Burden of Proof—Review.**

Where a party erroneously assumes the burden of proof as to a particular fact, the mistake will not be corrected in the appellate court.

**Assignments of Error.**

Assignments of error examined, and found not to justify reversal of a decision in favor of defendant, against whom it was sought to recover damages for the alleged unauthorized compromise of a judgment.

Action in the district court for Meeker county to recover $260 for an unauthorized compromise of a judgment for $374. The case was tried before Powers, J., and a jury which returned a verdict for defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Alva R. Hunt,* for appellant.

*M. C. Brady,* for respondent.

JAGGARD, J.

This was an action to recover damages for the alleged unauthorized compromise of a judgment. Judgment on the pleadings for defendant was reversed. Burgraf v. Byrnes, 94 Minn. 418, 103 N. W. 215. An order granting defendant a new trial on recovery of $309 was affirmed. 99 Minn. 517, 109 N. W. 1132. Plaintiff then obtained a verdict for $310. This court again affirmed an order granting a new trial. 102 Minn. 511, 113 N. W. 1133. On the last trial defendant secured a verdict. This appeal was taken from an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial.

One principal question in the case concerns the refusal of the court "to direct a verdict for the full amount of damages, as measured by the judgment and interest, on the ground that the presumption is that the judgment is worth its face value." The court charged that

[1] Reported in 116 N. W. 838.

the real question for the jury to determine was how much the judgment was worth. It is unnecessary in this case to consider or determine whether the judgment was presumed to be worth its face value until proved to be of less value by the defendant, and whether the burden rested on the defendant, and not on the plaintiff, to show the value of that judgment; for the plaintiff assumed that burden and undertook to show the actual value of the judgment. Plaintiff, instead of electing to stand on the theory on which he now bases error in the rulings of the court introduced affirmative evidence by which the actual value of the judgment was sought to be shown. Having elected so to do, he is in no position to complain of the acceptance by that court of his position. He is within the rule that "where a party erroneously assumes the burden of proof as to a particular allegation or the burden of evidence as to a particular fact, the mistake will not be corrected in the appellate court." 16 Cyc. 926B; 2 Cyc. 675 (IX); Geiser Mfg. Co. v. Yost, 90 Minn. 47, 95 N. W. 584; Earl Fruit Co. v. Thurston Cold-Storage & Warehouse Co., 60 Minn. 351, 62 N. W. 439; Benjamin v. Shea, 83 Iowa, 392, 49 N. W. 989. And see Denton v. Chicago, 52 Iowa, 161, 2 N. W. 1093, 35 Am. 263; Stewart v. Outhwaite, 141 Mo. 562, 44 S. W. 326. "When parties consent to try their case upon a certain theory of what the law is, though it be erroneous, they cannot complain at the result, if it be correct according to that theory." Davis v. Jacoby, 54 Minn. 144, 55 N. W. 908. And see 66 Cent. Law J. 291.

Plaintiff also has urged, within this rule, that the evidence showed that plaintiff was entitled to recover a substantial amount, that the court erred in refusing to charge the jury that under the evidence it must find for the plaintiff in some amount, and to direct a verdict because upon the evidence plaintiff was entitled to a verdict for the full amount of the judgment after deducting the $150 received. An examination of the record has satisfied us that, within the familiar rule on the subject, no reversible error is thus presented in this regard.

Plaintiff's assignments of error number twenty three. Those previously referred to seem to constitute the basis of this appeal, and to be the only ones calling for special reference. The others have been examined, and found not to justify reversal.

Affirmed.