MAX HENDRIX, Appellant, v. P. H. LETOURNEAU.

**Agency:** COMMISSIONS: JOINDER OF CAUSES OF ACTION: PAROL AGREE-
1   MENT: EVIDENCE. Plaintiff suing for a commission for the
    sale of land may allege a written contract in relation thereto
    in one count and an oral agreement to the same effect in an-
    other, and he may recover on either count which is sustained
    by the evidence; and if he fails to show that the writing was
    concurred in so as to make it a binding contract, still it is
    competent evidence of the oral agreement, the parol evidence
    rule having no application to such a state of facts.

**Same:** WAIVER OF OBJECTION TO CAPACITY TO SUE. Defendant in a
2   suit to recover commissions for the sale of land is not entitled
    to a directed verdict at the close of the evidence, on an ob-
    jection to plaintiff's capacity to sue, where the same might
    have been obviated by proper pleading if sooner raised.

*Appeal from Allamakee District Court.*— HON. A. N. HOB-
SON, Judge.

WEDNESDAY, JUNE 10, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

ACTION to recover commission for sale of real property
under an agency. The issues raised by general and specific
denial of the allegations of plaintiff's petition were submitted
to a jury, which returned a verdict for the defendant. From
judgment on this verdict, plaintiff appeals.— *Reversed.*

*H. H. Stilwell* and *Douglas Deremore,* for appellant.

*Wm. S. Hart,* for appellee.

McCLAIN, J.— In the first count of his petition plain-
tiff alleges a written contract of agency to have been executed
between him and the defendant for the sale of defendant's

property, and alleges performance of the agreement on his part, entitling him to the compensation specified. In the second count he alleges a verbal agreement to the same effect, with the statement that he seeks to recover on but one count. The evidence tended to show that in a conversation between plaintiff and defendant relating to a contract of agency plaintiff made reference to a written memorandum of such contract which he showed to the defendant and to which he affixed defendant's name by the latter's consent, as well as the name of the partnership of which plaintiff was then a member, and for which he was acting. The court submitted to the jury the issue as to whether defendant authorized plaintiff to sign the name of the former to the written instrument relied on in the first count of the petition and embodying the contract between the parties, but instructed that, if the causes of action set forth in the two counts related to the same transaction between the parties at and before it was claimed the written contract was signed, then the jury should exclude from consideration all verbal or oral testimony bearing upon such transaction, " because the plaintiff, under the pleadings and evidence, cannot recover upon a written contract and at the same time upon the same facts as showing an additional verbal agreement made at the time the written contract purported to have been executed or before that time." The jury was further instructed that, if it should be found that defendant did not authorize plaintiff to affix defendant's name to the contract, then a verdict for defendant should be returned. In other instructions the court limited plaintiff's right to recover to the allegations of the first count of his petition.

The margin note reads:

1. AGENCY: commissions: joinder of causes of action: parol agreement: evidence.

The instructions were erroneous. Under Code, section 3559, providing that the petition may contain more than one cause of action, each stated wholly in a count or division by itself, it has uniformly been held that the same cause of action may be pleaded in differ-

ent counts, and that plaintiff may join two counts in which recovery is asked on different and inconsistent states of facts, and a recovery may be had if either cause of action is sustained. *Pearson v. Milwaukee & St. P. R. Co.,* 45 Iowa, 497; *Jack v. Des Moines & Ft. D. R. Co.,* 49 Iowa, 627; *Cawker City State Bank v. Jennings,* 89 Iowa, 230. If the evidence tended to support the allegations of the second count of plaintiff's petition in which an oral contract was alleged, then the issue raised by the denial of the facts averred in such second count should have been submitted to the jury, unless there is some rule of evidence which excludes parol testimony of a contract of which a written memorandum has been made by the one party, although such written memorandum has not been accepted or concurred in by the other party in such manner as to make it the written contract of the parties relating to the transaction. The so-called parol evidence rule has no application under such a state of facts. If the parties have not become bound by a written contract, then any competent evidence of the terms of an oral contract into which they in fact entered is admissible. *Berennecke v. Heald,* 107 Iowa, 376; *Faunce v. State Mut. Life Assur. Co.,* 101 Mass. 279; *Smith v. Coleman,* 77 Wis. 343 (46 N. W. 664); *Dowagiac Mfg. Co. v. Watson,* 90 Minn. 100 (95 N. W. 884); *Geiser Mfg. Co. v. Yost,* 90 Minn. 47 (95 N. W. 584); *Moulding v. Prussing,* 70 Ill. 151; 4 Wigmore, Evidence, section 2429.

The facts of the case before us furnish a good illustration of this rule. If in the conversation between plaintiff and defendant the written memorandum of contract which had been drawn up by plaintiff and submitted to defendant was in fact signed by defendant either by his own hand or by direction to plaintiff to affix defendant's name thereto, then this written memorandum became conclusive as to the terms of the agreement between the parties because it was by their own act made the evidence of such terms; but, if defendant did not sign or authorize the signing of his name

thereto, then while the written memorandum was competent evidence of what the agreement was, supported by the testimony of the plaintiff that defendant read and assented to the terms embodied in such writing, it did not become the conclusive evidence of the agreement, but simply tended to show what the agreement, in fact, was. It might be quite persuasive as against the plaintiff that no other terms than those mentioned were in fact assented to by defendant, but it would not be at all conclusive on that question. It is to be noticed here that plaintiff was not attempting to prove any other terms of the oral contract than those found in the writing, but the court excluded from the jury any consideration of the instrument as tending to show a parol contract to which the defendant had verbally assented if the jury should find that defendant had not authorized plaintiff to affix defendant's name to the instrument. That this was the theory of the court is further shown by the submission to the jury of a special interrogatory directing inquiry to the question whether the second count of plaintiff's petition related to negotiations made at the time the written contract purported to have been signed or before that time. Plaintiff had a right to have the cause of action stated in the second count of his petition based upon breach of a parol contract of agency submitted to the jury.

It is said for appellee that the judgment should not be reversed notwithstanding the error, if any, in the instructions, because the contract relied upon was between defendant and a firm of which plaintiff was a member, and that plaintiff as survivor of the firm could not perform the contract and maintain an action thereon. There was, however, an assignment of the contract by the other member of the firm to plaintiff, and the evidence tend to show that defendant continued to treat with plaintiff in regard to the sale of the property under the contract after the partnership was dissolved. If objection to the right of plaintiff to recover under the contract had been

2. SAME: waiver of objection to capacity to sue.

made, plaintiff might have pleaded a ratification on which there would have been sufficient evidence to take the case to the jury. Defendant could not, therefore, by moving, as he did at the close of the evidence, for a directed verdict on the ground that plaintiff was not authorized to sue, raise an objection which had not already been raised in the case, and which if sooner raised might have been met by proper pleading. *Enix v. Iowa Cent. R. Co.,* 114 Iowa, 508; *Knapp v. Brotherhood of American Yeomen,* 128 Iowa, 566; *Austin Western Co. v. Weaver Tp.,* 136 Iowa, 709.

Something is said also in appellee's argument in regard to the invalidity of the contract on the ground that the premises constitute defendant's homestead, and a contract with reference thereto in which his wife did not join would not be valid. Counsel do not call attention to any evidence in the record indicating that the premises constituted a homestead, and no such question was raised during the course of the trial.

The conclusion we reach in the case renders it unnecessary to pass upon appellant's motion to strike appellee's additional abstract from the files.

For the errors pointed out, the judgment is *reversed.*