TOM WELLS, Appellee, v. DOUGLAS WILDIN, Administrator, Appellant.

No. 43942.

914

Sullivan, McMahon & Linnan and Shumway & Kelly, for appellant.

C. W. Garfield and Quarton & Miller, for appellee.

STIGER, C. J.—A few days before the accident the decedent, Chester Wildin, had employed the plaintiff, Tom Wells, to help him with his farm work. On the evening of August 3, 1935, Mr. Wildin, his mother, Mrs. Holte and her daughter, friends of the family, and the plaintiff, left the farm in Mr. Wildin's car for the purpose of going to Algona. While traveling north on a north and south highway, and at an intersection with an east and west road, there was a collision between the Wildin car and an automobile owned and driven by Carl Struecker. The Struecker car was approaching the intersection from the west. Mr. Wildin and his mother were killed and the other occupants of the car were injured.

Plaintiff alleged in count 1 of his petition that he was riding in the automobile as an employee of Mr. Wildin and that he and Wildin were on their way to Algona ''for the purpose of transacting business for the said decedent, to-wit; to price and select white lead and oil for painting to be done for the said decedent'', and sought recovery against the decedent because of his negligence. The record discloses that plaintiff had some experience as a painter.

In count 2 plaintiff alleged that he was riding as a passenger in decedent's car and bases his right of recovery on the recklessness of Wildin. It seems to have been assumed in the trial of the case that plaintiff sought recovery under count 2 as a guest. It is conceded by the parties that on the trip to Algona the relation of employer and employee did not exist. At the close of the evidence the trial court overruled defendant's motions to direct a verdict against plaintiff on each count.

The jury returned a verdict for the plaintiff on count 1 and the following special interrogatories:

''1. Was plaintiff being transported at the time of the accident by the decedent for the benefit of the decedent as alleged in Count I? Answer. Yes.

''2. Was the plaintiff being transported at the time of the accident by the decedent for the mutual benefit of the decedent and the plaintiff as alleged in Count I? Answer. Yes.

''3. Was the plaintiff merely a guest in the decedent's car at the time of the accident? Answer. No.

''4. Do you find the decedent was guilty of negligence as charged in Count I of the petition? Answer. Yes.

"5. Do you find the decedent was guilty of recklessness as charged in Count II of the opinion? Answer. No."

The only evidence in the record of the manner in which Mr. Wildin drove his car on this fateful day is found in the testimony of the plaintiff. Plaintiff testified:

"I looked at the speedometer just prior to the accident and it registered 65 miles. I saw Mr. Wildin's foot on the accelerator prior to the accident. You couldn't see any space between his foot and the floor-board; he had his heel raised up. A rough place in the road caused the car to skid about 30 rods before we got to the corner. He did not slacken his speed nor turn his lights on at any time. As you approach the intersection from the south there was a corn field on the left running up to where the fence line would have been. Mrs. Wildin told her son, Chester, to quit his crazy driving and turn his lights on. That was immediately after he skidded. There was no change in his driving after that remark was made by his mother. Chester nudged me in the ribs with his elbow and pointed towards the speedometer and his foot as if to show how fast he was going. He was not talking. As near as I can remember he just got the car straightened out when the crash came in the intersection. I could see the road and observe the condition as I rode along. I didn't do any thing when the car skidded. I didn't think there was any use of remonstrating with the driver. I remember the corn field while watching the car and wondered whether he was going to get it straightened out before we hit the ditch which was on both sides of us."

■■■ Appellant's first assignment of error is that the court erred in overruling defendant's motion to require plaintiff to elect upon which count he would proceed to trial.

The ground of the motion is that the cause of action set out in count 1 of the petition is predicated upon the negligence of the defendant and upon the theory that the plaintiff was at the time of the accident an employee of the decedent; that in count 2 plaintiff claims that he was a passenger and that his personal injuries were due to the recklessness of the decedent; that the two causes of action are inconsistent and cannot be joined.

Appellant's position on this issue is stated as follows:

"The plaintiff's Petition was in two counts, which in their

very nature were inconsistent and destructive of each other. In the first count he pleaded that he was not a guest and seeks to recover from the defendant for negligence. In the second count he pleaded he was a guest and seeks to recover on the theory that the defendant was guilty of recklessness. Obviously he could not both be a guest and not a guest at the same time."

Appellant contends that Code section 10960 does not permit the joinder of the two counts in plaintiff's petition.

"10960. When permitted. Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition."

We cannot sustain appellant's contention that plaintiff's petition contains two causes of action which are so inconsistent as to be destructive of each other.

The primary, essential right of an injured person is to secure redress from the person causing the injuries. The injuries suffered are the gravamen of this action for compensation. Here we have one wrongful act affecting one person. Only one right of the plaintiff was invaded. Whether the right invaded was that of a guest or employee must be determined from the evidence. The true relationship existing between the parties at the time of the accident is a fact question. Plaintiff might, in good faith, believe he was a guest, but his testimony, or the record, may prove that he was not a guest. That the true relationship of the parties in a situation like the one here is often difficult to determine is evidenced by the number of cases appealed to determine the status of the parties. A plaintiff should not be required to make so hazardous a decision. The alleged offender must not be permitted to say, "I will respond in damages for the wrong inflicted upon you if you correctly guess our true relationship". In this case plaintiff's cause of action is for a single wrong. He seeks in each count the same damages for the same injuries arising out of the same act of the decedent. The petition states one cause of action and he may recover on either theory, that is, he may recover for the right the evidence reveals was invaded. In the case of Ransom-Ellis Co. v. Eppelsheimer, 205 Iowa 809, 811, 218 N. W. 566, 567, we stated:

"In pleading, plaintiff knows that the triers of fact may adopt the claims of one side or the other, or partly one and partly the other. * * * Our practice permits the cause of action arising from a single transaction to be set out in separate counts, to meet the exigencies of the case as they may develop in the proofs."

It was not only permissible but necessary for plaintiff to include both theories of recovery in his petition. A party is not permitted to divide his single cause of action into different actions. See generally on the question raised in this assignment, Baker v. Baker, 220 Iowa 1216, 264 N. W. 116, 103 A. L. R. 995; Halstead v. Rohret, 212 Iowa 837, at page 841, 235 N. W. 293; Emeny v. Farmers Elevator Co., 194 Iowa 282, at page 288, 189 N. W. 720; Hendrix v. Letourneau, 139 Iowa 451, 116 N. W. 729.

Appellant states that the situation here is controlled by the rule adopted in this state in the case of Kearney Milling & Elevator Co. v. Union Pac. R. Co., 97 Iowa 719, 723, 66 N. W. 1059, 1061, 59 Am. St. Rep. 434, which rule is:

"A man may not take two contradictory positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again. Any decisive act of the party, with knowledge of his rights and of the fact, determines his election, in the case of conflicting and inconsistent remedies."

This rule was found to be controlling in the following cases cited by appellant: Lindburg v. Engster, 220 Iowa 1073, 264 N. W. 31; Sackett v. Farmers State Bank, 209 Iowa 487, 228 N. W. 51; Randall v. Moen Co., 206 Iowa 1319, 221 N. W. 944. In the said cases the plaintiff had optional, exclusive remedies available to him which were so inconsistent and contradictory that the choice of one, with knowledge of the facts, precluded plaintiff from electing again. The adoption of one remedy destroyed the other; and the doctrine of election of remedies clearly applied. The assertion by plaintiff of his two theories

of recovery for his one cause of action does not bring the pleading within the above rule. The trial court was right in overruling the motion to elect.

■■■ Appellant further attacks plaintiff's petition by invoking the rule that a party to a lawsuit is bound by and estopped to controvert admissions in his pleading and claims that because plaintiff alleged in count 2 that he was a guest he is bound by the statement and barred from recovery under count 1 in which he alleged he was an employee, and also that he was riding in the car for the definite, tangible benefit of the owner and operator. Appellant states:

"Having pleaded that he was a guest and having failed to recover as a guest, he should not be permitted, and it was error to allow him to recover in the same cause of action under a theory and pleading which bars him from recovery as a guest."

We do not concur with appellant in this contention. The different theories of recovery alleged in the two counts do not constitute admissions within the rule invoked, which rule can not be permitted to annul the equally well-established rule under which we have sustained plaintiff's petition against the motion to elect. One is a rule of pleading, the other a rule of evidence.

The cases cited by appellant apply the rule relied on, but plaintiff's petition is not subject to the rule. Furthermore, we do not find that appellant gave the trial court an opportunity to pass upon the merits of this contention during the trial.

■■■ Another assignment of error is that the court erred in overruling division 2 of appellant's motion to elect wherein he asked for an order granting him a separate trial on each count. The grounds of the motion are:

1. That the two causes of action were inconsistent and contradictory; that plaintiff could not be at the same time a guest and not a guest and the existence of one capacity nullified any possibility of the other.

2. That the failure of the court to order separate trials resulted in such confusion that the defendant was deprived of a fair trial; that the instructions were so complicated and complex that the jury was confused as to the law applicable to the various situations and as a result thereof the defendant suffered prejudice.

3. That it was error to submit to the jury at one time a

cause of action predicated upon recklessness and a cause of action predicated upon negligence.

Our ruling on appellant's prior assignments of error disposes of the propositions contained in paragraphs 1 and 3 above. In support of this assignment of error, appellant states:

"We do not find any authorities squarely in point on this proposition, but the reasons why the case should not be submitted in this manner are set out in the foregoing motion. Every trial lawyer experienced in trying automobile cases knows as a practical matter that if there is submitted to a jury a set of facts and the jury is allowed to find from this set of facts either recklessness or negligence, or neither, that the tendency is to compromise upon negligence and thus deprive the defendant of a fair trial."

■■■ We have carefully read the instructions. The order in which the trial court arranged the instructions gave the jury an adequate conception of the issues and contentions of the parties, clearly presented the two theories of the plaintiff, and guided the jury to a determination of the true status of the parties under the evidence. The instructions and answers to the interrogatories assure us that it is not impractical to submit to a jury in a proper case the question of negligence and the question of recklessness, and they refute the argument of appellant that the jury was confused by the complexity of the submission to the extent of depriving him of a fair trial. We are convinced the issues presented were not too complex for the collective mind of the jury.

■■■ Appellant also complains of the admission of certain testimony of the plaintiff in his redirect examination because the witness was incompetent under Code section 11257, which provides that no party to an action shall be examined as a witness in regard to any personal transaction or communication between the witness and a person since deceased.

The plaintiff alleged in count 1 that he and the decedent were at the time of the accident enroute to Algona for the purpose of transactng business for the decedent. On direct examination the witness testified:

"Q. What purpose, if any, did you have in going to Algona on that evening? A. I was to go in to Algona to get the price of linseed oil and white lead."

On redirect examination the following testimony was introduced:

"Q. Now, Mr. Wells, going back to this trip on August 3rd, when you started to Algona with Chester Wildin in the car, I will ask you whether or not you were going for the purpose of getting prices on paint for yourself or on your own account. A. No, sir.

"Q. You may state whether or not you were going to Algona for the purpose of getting prices on paint for any other person or persons, not including and not referring in any manner to Chester Wildin, and if so, state the name of such person or persons. A. No, sir."

Counsel for appellant interposed a proper objection to this last question which was overruled and it is this ruling that is objected to by appellant.

On direct examination, the witness stated that he was to go to Algona to get prices of oil and lead for someone. On redirect examination he testified that when they started for Algona he was not going for himself. He then stated in effect that he was not going to Algona for the benefit of any other person than Chester Wildin. The method of examination pursued left nothing to inference and the testimony constituted direct evidence of the transaction with decedent, and of the very relationship sought to be established under count 1. A witness is not permitted to do by indirection that which the law forbids. In our opinion the last question propounded and the answer given made a clear invasion of the statute. The following cases tend to support the conclusion reached: Hart v. Hart, 181 Iowa 527, 164 N. W. 849; Lusby v. Wing, 207 Iowa 1287, 224 N. W. 554; Sheldon v. Thornburg, 153 Iowa 622, 133 N. W. 1076.

Appellee cites McElhenney v. Hendricks, 82 Iowa 657, 48 N. W. 1056; Gray v. Sanborn, 178 Iowa 456, 159 N. W. 1004; In re Estate of La Grange, 191 Iowa 129, 181 N. W. 807; In re Estate of Wearin, 167 Iowa 535, 149 N. W. 621, to support the ruling of the trial court. The testimony offered in the cited cases is distinguishable from the evidence in the case at bar and the conclusions reached are reconcilable with the conclusion reached here.

■■■ The trial court overruled appellant's motion, made at the close of plaintiff's testimony, to withdraw the second speci-

fication of negligence which is that the Wildin automobile was operated at a speed greater than would permit the decedent to bring the same to a stop within the assured clear distance ahead. Appellant predicates error on this ruling.

The ground of the motion is that there is no evidence to sustain this item of negligence.

Mr. Wildin was driving his car north on the north and south highway and approaching an intersection. In the intersection his car was struck on the left side by the Struecker car which entered the intersection from the west. The vision of the drivers of the cars was, at least partially, obscured by a field of corn, extending to the southwest corner of the intersection until they were quite close to the intersection. Plaintiff testified that he was watching the road; that he could see the road ahead and as he looked up the road he did not see a car ahead. "I could see the road ahead, I didn't see anything before the crash; as I looked up the road I did not see a car ahead of me; there wasn't any car in the road ahead of me."

The record discloses that it was not too dark to discern objects ahead of the Wildin car without lights.

The meaning of the words "within the assured clear distance ahead", found in Code section 5029, is so clear that there is little room for interpretation or construction. We have often stated that this phrase requires a driver of an automobile to at all times drive his car at a speed that will enable him to stop his car within the distance that *discernible objects may be seen ahead of it*. The plaintiff maintained a lookout and testified that there wasn't a car in the road ahead of the Wildin car. The physical facts and plaintiff's testimony show there was no discernible object ahead of the driver of the Wildin car at any time before the collision. There being no substantial evidence to sustain this ground of negligence it was error to submit the issue to the jury. See Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, 87 A. L. R. 893. To sustain the ruling of the trial court appellee-plaintiff cites: Wimer v. M. & M. Star Bottling Co., 221 Iowa 120, 264 N. W. 262; Lukin v. Marvel, 219 Iowa 773, 259 N. W. 782; Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569. These cases are not inconsistent with the conclusion reached in this case.

■■■ Other statutory rules of the road fix the standards of care required of decedent under the circumstances disclosed by

the record and Code section 5029 requiring the driver of an automobile to drive his car at a speed that will enable him to stop his car within the assured clear distance ahead, has no application to the fact situation in the case at bar and the motion should have been sustained. Because of statements made by plaintiff in his argument, we deem it appropriate to say that circumstances that would place a driver within the prohibition of the first part of the first paragraph of section 5029 requiring a person to drive at a careful and prudent speed not greater than nor less than is reasonable and proper having due regard to the traffic, surface, and width of the highway, etc., would not necessarily result in a violation of the provisions of the latter part of the paragraph requiring a driver to drive within the assured clear distance ahead.

Appellant also complains of the overruling of his motion to withdraw from the consideration of the jury the third specification of negligence, which is that the decedent failed to watch the intersection and keep a proper lookout for approaching vehicles.

There is sufficient evidence in the record from which an inference might reasonably be drawn that the decedent did not keep a proper lookout for approaching vehicles and the issue was for the jury.

██ Another assignment of error is that the court erred in overruling defendant's motion to direct a verdict against plaintiff on count 1 because:

1. There is no evidence tending to establish any negligence on the part of Chester Wildin;

2. That the evidence affirmatively shows that plaintiff was a guest;

3. That the evidence affirmatively shows that the plaintiff was guilty of contributory negligence;

4. That the plaintiff entirely failed to sustain his burden of proof of establishing the allegations of count 1.

The only evidence in the record throwing any light on the relationship existing between the parties at the time of the accident is the testimony of the plaintiff. He offered no testimony that would tend to prove the allegation in count 2 that he was riding in the automobile as a guest of Wildin. He tried to establish the statement in count 1 that he and the decedent were at the time of the accident enroute to Algona for the pur-

pose of transacting business for the decedent, which business was to price and select white lead and oil for painting to be done for the said decedent, by testifying to a transaction and arrangement with the decedent. The witness was incompetent to testify to the transaction. The incompetent testimony is the only evidence in the case that would tend to prove that plaintiff was more than a guest and entitled to recover against the estate of decedent because of the decedent's negligence. There being no competent testimony to establish the relationship relied on for recovery on count 1, that is, that he was riding in the automobile for the definite, tangible benefit of the owner, the verdict based on said count cannot be permitted to stand. There is no evidence in the record that plaintiff was a guest as alleged in count 2. His testimony, if he were a competent witness, would prove he was not a guest. His failure to prove that he was more than a guest under the allegations of count 1 does not, of course, tend to establish that he was a guest. The verdict returned on count 1 cannot be permitted to stand on the theory that plaintiff might have alleged and proved other facts that would have made him more than a guest. He must recover, if at all, on the allegations of his petition.

At the close of the testimony there was not sufficient, competent evidence in the record to sustain a verdict on either count, and the motions to direct a verdict against the plaintiff on both counts should have been sustained.

We are of the opinion that the questions of plaintiff's contributory negligence and negligence on the part of the decedent were properly submitted to the jury.

It is not necessary to consider other assignments of error. —Reversed.

ANDERSON, MILLER, and KINTZINGER, JJ., concur.

MITCHELL and SAGER, JJ., concur in the result.