A. R. MORTENSON, Appellee, v. HAWKEYE CASUALTY COMPANY, Appellant.

No. 46393.

FEBRUARY 8, 1944.

Whitfield, Musgrave & Selvy, of Des Moines, for appellant.

R. Lee Black, of Des Moines, and James Devitt, of Oskaloosa, for appellee.

OLIVER, J.—J. S. Stafford was a general and recording agent for appellant, Hawkeye Casualty Company. He was supplied with blank policies, endorsements, etc., and was authorized to countersign and issue them on behalf of appellant. He also collected premiums and adjusted some losses.

Appellee was a dealer in used automobiles. He bought cars in Iowa and Illinois and disposed of them in California. He arranged with a travel bureau to have these cars driven to California without direct expense to him. The travel bureau secured several persons to occupy each car, charged them $10 or $12 each, selected one of them as driver and gave him $25, which was the approximate cost of gasoline and oil to be used. The bureau retained the balance for its service charge.

Appellee explained this arrangement to Stafford and inquired about insurance "to cover the cars out to California," and Stafford said his agency "would cover the cars going to California," and quoted rates. In the summer of 1941 appellee insured through Stafford about six cars thus sent to California. It was appellee's practice to procure a policy when each car started its journey and to cancel the same, presumably at short rate, upon its arrival in California. The trial court found that "no facts of any kind or character were hidden or were attempted to be hidden" from Stafford by appellee. We concur in that finding.

November 25, 1941, appellee applied to Stafford's agency for insurance on five described cars he was sending to California. He was told he was "covered," and apparently the agency issued the policies later in the same day after appellee had departed. The car in question in this case, a Ford, was occupied by three persons secured by the travel bureau, one of whom was designated as the driver. November 27, 1941, while in Wyoming, en route to California, it was damaged beyond repair in a collision.

Appellee, who had driven another car to California, returned about December 6, 1941, called at the Stafford agency, reported the damage to the Ford and was told "everything was in order" and the loss would be paid. He canceled the policies on the other four cars and paid the amount due for premiums on the five policies. Stafford had held the policies awaiting appellee's return, and appellee then first saw the policy on the damaged car. Later, appellant refused payment and appellee instituted action in equity to enforce collection, which resulted in judgment against appellant for $375, plus interest, and this appeal therefrom. The case was tried prior to July 4, 1943, and questions of procedure will be considered under rules then in effect.

Count 1 of the petition sought recovery on the policy as issued. Count 2 sought reformation of the policy to conform to the alleged agreement of the parties, by removing therefrom a statement on the face of the policy, "The automobile will not be * * * used to carry persons for a charge * * *," and a statement appearing under conditions, limitations, and agree-

ments, "This policy does not apply * * * while the automobile is used * * * for carrying persons for a charge * * *," and demanded recovery on the policy as reformed.

Appellant moved that appellee be required to elect between said counts for the reason that the same were inconsistent with each other in that count 1 was based upon a written contract (policy of insurance), while count 2 asserted the writing did not evidence the actual understanding and agreement of the parties. The motion was renewed at the conclusion of the evidence for appellee and was sustained by the court. Appellee excepted to the ruling and order and elected to rely upon count 1.

I. Appellee contends the order requiring him to elect was erroneous. Upon appeal by the adversary, a successful party who seeks merely an affirmance of a judgment may show that, on the face of the record, he is entitled to the judgment because of errors committed against him, though errors had also been committed against appellant. McCuddin v. Dickinson, 230 Iowa 1141, 300 N. W. 308; Ford v. Dilley, 174 Iowa 243, 156 N. W. 513.

The judgment in this case was based upon count 1. If the court should have considered the case on both counts, and if appellee was entitled to the judgment on the theory presented in count 2, it should be affirmed, even though the judgment, as based upon count 1, was error against appellant.

In Wells v. Wilden, 224 Iowa 913, 277 N. W. 308, 115 A. L. R. 169, it was held that allegations (1) that plaintiff was an employee and defendant was negligent and (2) that plaintiff was a guest and defendant was reckless were not so inconsistent as to be mutually destructive so as to require an election to proceed upon one or the other. Ransom-Ellis Co. v. Eppelsheimer, 205 Iowa 809, 811, 218 N. W. 566, 567, states:

"Our practice permits the cause of action arising from a single transaction to be set out in separate counts, to meet the exigencies of the case as they may develop in the proofs."

Hendrix v. Letourneau, 139 Iowa 451, 116 N. W. 729, holds plaintiff may join two counts in which recovery is asked on different and inconsistent states of facts (written contract and

oral contract) and both should be submitted if the evidence warrants.

So, in the case at bar, the two counts sought redress for but a single wrong, to wit, the failure to pay the loss insured against. The separate counts merely presented different theories for one recovery. Such procedure was proper. We think the order requiring appellee to elect to rely upon one count was erroneous and that the case should have been submitted upon the theory presented in each of said counts of the petition.

■ II. Count 2 of the petition asks reformation of the policy. It was established by the testimony of both appellee and Stafford that the respective cars were insured primarily to protect appellee from loss while they were en route to California. Appellee's practice, known to Stafford, of taking such insurance on cars immediately prior to their departure and canceling the same as soon as possible after their arrival in California is a corroborating circumstance. Stafford issued the policies knowing they were purchased for the specific purpose of covering the cars while en route and with full knowledge of the manner in which the cars were to be taken. It is obvious appellee did not intend to purchase insurance which, for all practical purposes, would never be effective. Nor, unless Stafford was guilty of actual fraud, which we do not infer, did he intend to issue such ineffective policies. There is no contention that Stafford was not authorized to issue policies which did not contain the provisions and exclusions here relied upon to defeat recovery. Nor does the record show the return or tender by appellant of any premiums paid by appellee.

The proof is clear, satisfactory, and convincing that the policy, as issued, did not represent the intention of the parties. Norem v. Iowa Implement Mut. Ins. Assn., 196 Iowa 983, 987, 195 N. W. 725, 726, thus states the rule:

"It is also quite generally held that, where a policy of insurance does not represent the intention of the parties solely because of some fault or negligence on the part of an agent of the company, equity will reform it so as to make it express such intention. * * *

"The insured may, generally at least, in taking out insur-

ance rely upon the company to issue a policy * * * in a form to carry out its purpose."

Among cases which announce the same rule and cite many supporting authorities are Green v. Phoenix Ins. Co., 218 Iowa 1131, 253 N. W. 36; Fitchner v. Fidelity Mut. F. Assn., 103 Iowa 276, 72 N. W. 530. We conclude the record warrants reformation and judgment upon the policy as reformed.

The proposition relied upon for reversal, which appellant's brief states was set up as a defense in its answer in the trial court, is that at the time of the collision the automobile was being used for carrying persons for a charge and that liability while the car was being so used was excepted by provisions of the policy. The effect of our above-stated conclusion is to remove such exception from the policy. This renders it unnecessary to discuss such proposition or determine the sufficiency of the pleading.— Affirmed.

All JUSTICES concur.