(Opinion published 57 N. W. Rep. 56.)

---

WALTER J. SCASE vs. GILLETTE-HERZOG MANUF'G CO.

Argued Oct. 12, 1893. Reversed Nov. 29, 1893.

No. 8549.

**Contract of employment construed.**

The defendant entered into an agreement with plaintiff for his services for a term of three years, at a stipulated monthly salary, and as further compensation he was thereby also allowed a percentage of the profits of defendant's business, defined in the agreement as two and a half per cent. of the dividend declared for each year, which provision was further explained by a subsequent clause, in which it was provided that the plaintiff should receive his percentage on the balance of the profits after deducting expenditures for betterments upon the manufacturing establishment of the defendant, in which he was employed. *Held* that, in order to ascertain the meaning of the contract, the several clauses must be construed together, and that, so construed, the plaintiff was thereby entitled to have his percentage computed each year upon the net profits subject to dividend, under the contract, and that his right thereto could not be defeated by the omission of the company to declare a dividend of the whole or any part of such profits among the stockholders.

**Receipt of part not a bar to a recovery of the balance.**

*Held*, also, that the mere receipt by him of a portion of the percentage of profits due him for any year did not preclude him from claiming the balance due, when ascertained.

Appeal by plaintiff, Walter J. Scase, from an order of the District Court of Hennepin County, *William Lochren*, J., made March 25, 1893, sustaining a demurrer to his complaint.

The defendant, the Gillette-Herzog Manufacturing Company, a corporation, on March 25, 1890, entered into the contract with plaintiff mentioned in the opinion. The complaint alleges that defendant declared a dividend of $18,000 for each of the years 1890 and 1891, but that the net profits, after deducting betterments, were for 1890 $25,000, and for 1891 $30,000, and for 1892 $100,000. That he was paid $70 per month and $900 on his percentage of the profits, and no more. That $2,975 remain due to him. He demanded judgment for that sum with interest. The defendant construing the contract to be a promise to pay two and a half per cent. on the amount of the dividends actually made, and not upon the actual net profits of the business, demurred to the complaint. The trial Court so construed the contract and sustained the demurrer. Plaintiff appeals.

*Hall & Fletcher*, for appellant.

*Kellogg & Laybourn*, for respondent.

VANDERBURGH, J. The defendant, a corporation engaged in an extensive manufacturing business of architectural ironwork, employed the plaintiff as an accountant, and in other duties, as required by the defendant, from January 1, 1890, to January 1, 1893, under a special contract between them, by which plaintiff was to receive the sum of $70 per month for his services, payable monthly.

And it was further agreed, in and by the contract, "that the said the Herzog Manufacturing Company, for each and every year of said three years that plaintiff should remain in its said employment, and in consideration thereof, should pay the plaintiff, in addition to the sum of seventy dollars per month hereinbefore mentioned, two and one-half (2½) per cent. of the dividend declared for that year; said percentage to be paid on or before the 10th of February of the year succeeding that for which said dividend should be declared."

And it was further agreed, in and by the contract, "that said the Herzog Manufacturing Company reserved the right to terminate said agreement at any time upon one month's notice in writing given to the plaintiff, and that if said agreement should be so ter-

minated, or if the plaintiff should for any reason leave before the completion of any full year, he should receive no per cent. of the dividend for that year."

And the contract contained, among other things, the following provision, to wit: "And it is further agreed and understood by said parties to this agreement that, before any dividends shall be declared, all improvements, extensions, and additions to buildings or business, or for lease or purchase of land, to increase the facilities for said business for said party, for any year, which said second party may make to its plant or business, shall be deducted from the profits for that year, and said first party shall receive his percentage on the balance remaining after such deduction."

The principal question to be considered on this appeal is as to the construction of this contract in respect to plaintiff's claim to additional compensation based upon the profits made yearly by the corporation. That is to say, is the plaintiff, under the peculiar language of the contract, which speaks of a "percentage upon the dividend declared," entitled to receive a percentage upon the amount of the annual net profits not capitalized, or does his right to such share depend upon the fact of an actual division of such profits among the shareholders, and is the amount thereof limited by the amount of such division or dividend declared, whether all, or only a part, of the net profits which might be the proper subject of a dividend are divided? We are of the opinion that upon a fair construction of the instrument, taken as a whole, plaintiff's claim must be sustained, and that the first of the above propositions or questions should be answered in the affirmative.

It will be observed that the defendant agrees that for each year of the plaintiff's term of service, and in consideration thereof, it would pay him, in addition to the stipulated sum of $70 per month two and a half (2½) per cent. of the dividend declared for that year, to be paid on or before February 10th, following. Strictly, the terms "dividend declared" refer to an actual distribution of profits. But their application here must be considered in connection with the situation of the parties, and the nature of the case, as presented by the record, and especially in connection with the explanatory clauses in the concluding portion of the agreement, by which it

appears that plaintiff's percentage is to be based on the net profits for each year, after deducting expenditures for "improvements and extensions" for that year. This provision was intended to define and limit the agreement between these parties, and not to control the time or manner or question of the disposition of profits among the stockholders, since that is a matter with which the plaintiff had no concern, and which the corporation could regulate for itself, for, as to the stockholders, who are the beneficial owners of both profits and capital, the profits would still be theirs, whether divided, or left to form a surplus, or otherwise added to the capital. The percentage paid him by way of compensation must be treated as part of the expenses to be ascertained and excluded from the sum of the net profits which would be subject to be divided among the stockholders. The contract evidently contemplated that the plaintiff should receive a percentage of profits each year, depending upon the growth and prosperity of the business, and was intended to operate both as a stimulus and reward to the employe. It was an application of the principle of profit sharing between employer and employe, which depends upon the fact of the realization of profits, and not upon the mere contingency of the disposition which may be made of them, as between the corporation and its stockholders.

The plaintiff remained in the defendant's employment for the full term of three years, as stipulated in the agreement, and has been paid a percentage on two annual dividends.

As respects the third year, it does not appear from the record whether any dividend was made for that year. But it is alleged by the plaintiff, and admitted for the purposes of this case, that the dividends made did not include all the net profits for those years, and that there were large profits made from the business for each of the three years, in excess of expenditures for betterments, and on which he had received no percentage.

His receipt of a part of the percentage does not preclude him from recovering any balance due him. It was not paid or accepted in settlement of a disputed claim, or as an account stated. The acceptance thereof cannot be interpreted as a waiver or estoppel binding on him in respect to his claim for the balance. We think, there-

fore, that the appellant is entitled to an accounting in respect to the actual amount of net profits of the corporation for the years in question, and to recover any balance of his percentage which may thereupon be found due him.

Order reversed.

(Opinion published 57 N. W. Rep. 58.)