WILLIAM G. WHITE v. PETER J. ESCH and Another.

December 7, 1899.

Nos. 11,753—(126).

**Attorney at Law—Verdict Sustained by Evidence.**

> This is an action to recover pay for the services of the plaintiff as an attorney claimed to have been rendered to the defendants. *Held,* that the evidence sustains the verdict, and that the trial court did not err in its rulings as to the admission of evidence or in its charge to the jury.

Action in the municipal court of St. Paul to recover $250 for professional services. The case was tried before Orr, J., and a jury, which rendered a verdict in favor of defendants; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*William G. White,* pro se.

*Humphrey Barton,* for respondents.

START, C. J.

Action to recover $250 from the defendants for services rendered to them by the plaintiff as a lawyer in two certain actions in the district court of the county of Ramsey. In one of the actions the Farmers' National Bank of Owatonna was the plaintiff, and C. W. Burdick and these defendants were defendants. The action was upon an appeal bond in an action by the bank against Burdick to foreclose a mortgage executed by Burdick as principal and these defendants as sureties. The other action was by the bank against these defendants upon an undertaking given by them upon another appeal by Burdick in the foreclosure actions. Both actions involved the same general subject, and were tried together, and in the original action in which the appeal bond and undertaking were given the plaintiff herein acted as attorney for Burdick. The defendants denied that the plaintiff was ever employed or rendered for them the services alleged. The jury returned a verdict for the defendants, and the plaintiff appealed from an order denying his motion for a new trial.

1. The first and second assignments of error relate to the instruc-

tions by the trial court to the jury. The second cannot be considered, as the part of the charge upon which it is based was not excepted to. The first error assigned is that the court erred in charging the jury as follows:

"Mr. Bell, by virtue of his relation as attorney for the defendants, possessed no authority to employ another counsel or associate attorney at the expense of his clients. Such authority must be expressly conferred before it can be exercised by an attorney."

If there was no evidence in the case which would justify the jury in finding an implied contract of employment of the plaintiff by the defendants, this instruction was correct; otherwise not.

It is undisputed that the defendants retained Mr. Bell, a lawyer, to represent them in the action. He testified to the effect that he told the defendants, or at least one of them (Mr. Jacob Esch), that it was necessary and desirable to get Mr. White to help in the defense, and that the defendant consented to leave the matter with him. He further testified that he requested Mr. White to act with him as associate counsel; that the plaintiff did so; and that he afterwards told one of the defendants that Mr. White was helping in the case. The plaintiff also testified to his employment by Mr. Bell. The testimony on the part of the plaintiff further tended to show that the plaintiff and Mr. Bell appeared in court together, and both acted as counsel for the defendants, and that one or the other of the defendants was present at different times during the progress of the trials. The evidence on the part of the defendants was a direct contradiction of the testimony of Mr. Bell. The defendant Jacob Esch testified, in effect, that he never authorized the employment of the plaintiff, and was never informed that he had been employed for the defendants, and that the first that he knew of any such claim being made was when the summons was served in this action. The evidence was undisputed that the plaintiff appeared in the action on the bond for the defendant Burdick at the request of Mr. Bell, and that the defendants knew that he appeared for Mr. Burdick, but there is no evidence that they knew the fact that it was at Mr. Bell's request. The evidence was sufficient, if satisfactory to the jury, to have sustained a finding that there was an express con-

tract for the employment of the plaintiff as claimed, but the jury found otherwise.

If there was no express contract, was the evidence sufficient to sustain a verdict that there was an implied contract of employment of the plaintiff by defendants? We are of the opinion that there was not. The plaintiff urges that from the fact that the plaintiff appeared in court with the counsel of record for the defendants, and that they together conducted the defense to the knowledge of the defendants, who made no objections thereto, the jury would have been justified in inferring a promise to pay for the plaintiff's services. But the record shows that the plaintiff appeared for their co-defendant Burdick, which fact they actually knew, and, in view of the history of the litigation out of which the actions upon the bond and undertaking grew, and the relation of White and Burdick thereto, and the obligation of the latter to indemnify the defendants, the evidence does not justify the conclusion that they knew, or ought to have known, that White was defending such actions for them and on their credit.

2. On the cross-examination of the plaintiff, his attention was called to the answer of C. W. Burdick in the case of the bank against Burdick and the defendants herein. He admitted that it was the answer in one of the actions in which he claimed pay for his services to the defendants; also that he signed and verified the answer as Burdick's attorney. The answer was then received in evidence, over his objection. The ruling of the court is the basis of the third assignment of error. The ruling was correct, for the answer was competent and material, on cross-examination of the plaintiff, as tending to show that his appearance for Burdick was not merely nominal, but that the latter had, or claimed to have, substantial interests to protect by the appearance of the plaintiff as his attorney.

3. On the cross-examination of Attorney Bell, he was shown a letter which he admits he wrote and sent to the defendants, and inclosed with it copies of two letters written by him to Burdick. The letter and the two copies were received in evidence, over the plaintiff's objections. The ruling is assigned as error. The letter in-

formed the defendants that Mr. White had argued the case on demurrer for Mr. Burdick, and he (Mr. Bell) for these defendants; that the demurrers were overruled; and that Mr. White said he was going to appeal for Burdick. This letter was properly received, as a part of the cross-examination, for the consideration of the jury, in connection with Bell's evidence that he employed White, and that he acted for the defendants.

Separate objections were interposed to the admission of the copies of the two letters to Burdick sent with the letter to the defendants. The fact that they were copies is not significant; for, if Mr. Bell had stated in his letter to the defendants that he had written to Mr. Burdick that the defendants would look to him and his associates for protection against all damages in the action, for the reason that they signed the undertaking and bond upon which the actions were based for his benefit, and on his and Mr. White's promise to protect them, this part of the letter would be competent evidence, if material, without producing or accounting for the original letters. Now, instead of so writing the letter, he therein says: "I have sent Mr. Burdick, under date of March 3, two letters, copies of which I herewith hand you." Such copies contained statements by Mr. Bell which made them material as a part of his cross-examination, and they were just as competent as the originals would be; for they were, in effect, Bell's statement to the defendants as to what he had written to Burdick. The rulings were right.

4. The plaintiff's last claim is to the effect that the verdict is not sustained by the evidence. We have examined the record with reference to this claim, and have reached the conclusion that, while it may, and probably must, be conceded that the preponderance of the evidence was in favor of the plaintiff, yet there is evidence fairly tending to sustain the verdict, and we cannot disturb it.

Order affirmed.