NICHOLAS BURGRAF v. JOHN T. BYRNES.[1]

April 20, 1905.

Nos. 14,320—(135).

**Attorney and Client.**

An attorney who recovers a judgment may not compromise or discharge the same for a less sum than its value without authority from his client, and if he does so the client may recover the sum received by the attorney, and also maintain his action for such damages as he has sustained by reason of the unlawful settlement.

Appeal by plaintiff from a judgment dismissing the action, entered in the district court for Meeker county pursuant to the order of Powers, J. Reversed and remanded for further proceedings.

[1] Reported in 103 N. W. 215.

*Alva R. Hunt,* for appellant.

*H. S. McMonagle,* for respondent.

LOVELY, J.

This appeal is from a judgment dismissing plaintiff's action upon an order of the trial court holding, in effect, that under the showing made by the pleadings plaintiff was remediless.

It appears from the complaint that plaintiff employed defendant as an attorney at law to prosecute a suit against a third party, one John Lukentsch, for $324.47; that such proceedings were duly had that judgment was obtained for plaintiff on August 13, 1901, for $360.47. On April 2, following, defendant, without authority from plaintiff, settled and compromised the judgment with the judgment debtor for $150, and satisfied the same of record. Plaintiff did not ascertain or know that the judgment had been satisfied until more than two years afterwards. In the meantime Lukentsch had disposed of all his real property upon which the judgment was a lien, and of personal property upon which execution could have been levied, whereby plaintiff was deprived of the means of making it good. The answer admits that defendant, as attorney at law, recovered the judgment set forth, and alleges that proceedings were instituted by plaintiff to recover of defendant $150, for which the judgment was satisfied, and claims that plaintiff had thereby ratified and confirmed defendant's acts. Plaintiff, in reply, sets forth that the alleged ratification arose upon proceedings on a petition which the plaintiff had filed with the district court, asking for an order requiring defendant to turn over the $150 collected by him of the judgment debtor, and for the difference between the amount collected by his attorney and the damages plaintiff had suffered by the alleged unlawful satisfaction of the judgment.

We are unable to give any substantial force to the theory that the summary proceedings by plaintiff to compel his attorney, the defendant, to pay over the money which he had obtained from Lukentsch is to be treated as a final adjustment, or even ratification, of Attorney Byrnes' unlawful acts. Upon the allegations of the complaint, which we are bound to accept upon this review, the unauthorized compromise of the claim of the judgment by the attorney was in excess of the latter's authority, but his client had a right to whatever had been received, and

might by the summary course adopted under section 6195, G. S. 1894, require his attorney to account to him for that sum upon proceedings in the district court. It is the general doctrine that all profits made in the course of an agency belong to the principal, whether they are in performance of or in violation of the agent's duty to his principal. Smitz v. Leopold, 51 Minn. 455, 53 N. W. 719; Goodhue Farmers' Warehouse Co. v. Davis, 81 Minn. 210, 83 N. W. 531. And this rule would apply between attorney and client as well as to any other relation of trust and confidence, and it does not follow that the efforts of the plaintiff to compel his attorney to account for the moneys received by his unlawful compromise necessarily exhausted his remedy. The client was entitled to what his attorney had obtained, to treat it as his own, and, the judgment having been satisfied within two years from its entry—which was within the statutory right of the attorney (G. S. 1894, § 6184)—to have the damages which he had sustained in being deprived of his lien upon the lands of the judgment debtor or his personal property recovered in an action for that purpose, which was the nature of the claim presented in this suit.

We are very clear that the course pursued by the plaintiff waived no rights to which he was entitled against defendant; neither was there a severance or splitting of the causes of action which made the summary proceedings to compel the payment of the money collected a bar to plaintiff's right to recover.

The judgment is reversed, and the cause remanded for further proceedings.