### ABBIE E. BRYANT v. GEORGE R. ROBINSON.[1]

February 9, 1906.

Nos. 14,623—(72)

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $356.50. Affirmed.

*James A. Peterson*, for appellant.

*Oliver P. Bowe*, for respondent.

PER CURIAM.[2]

Plaintiff placed in the hands of defendant, an attorney at law, a promissory note for collection, upon which he brought an action and obtained judgment in plaintiff's favor for the sum of $746.50. He thereafter compromised and settled the judgment for $400, which plaintiff repudiated, and subsequently

---

[1]Reported in 105 N. W. 1134.    [2]ELLIOTT, J., took no part.

brought this action to recover damages on the ground that the settlement was unauthorized. Plaintiff had a verdict in the court below, and defendant appealed from an order denying his motion for a new trial.

The only questions presented by the record go to the sufficiency of the evidence to sustain the verdict of the jury. Our examination of the record discloses a decided conflict upon the questions presented, and we apply the usual rule that where the evidence fairly tends to sustain the verdict this court will not interfere, particularly where the verdict has been approved by the trial court. The measure of plaintiff's damage was the face value of the judgment. Burgraf v. Byrnes, 94 Minn. 418, 103 N. W. 215. If the judgment was not in fact collectible by reason of the insolvency of the judgment debtor or other cause, and consequently plaintiff did not suffer to the extent of its face value, the burden was upon defendant to show the fact.

Order affirmed.