MORRIS P. BREWER v. GERTRUDE C. HARTMAN.[1]

January 19, 1912.

Nos. 17,448—(211).

**Compensation of attorney — employment not authorized by defendant.**
Appeal by the plaintiff from a judgment in favor of the defendant in an action to recover for services as an attorney. *Held,* that the finding that

[1] Reported in 134 N. W. 113.

[Note] Implied power of attorney to bind client for expenses incidental to trial, including associate counsel fees, see note in 23 L.R.A.(N.S.) 702.

the defendant never authorized the employment of the plaintiff is sustained by the evidence, and that the findings of fact support the conclusion of law, directing judgment for the defendant.

Action in the district court for Hennepin county to recover $600 for professional services. The reply denied that defendant employed Francis B. Hart as her sole attorney, and alleged that on the contrary Hart was expressly authorized by defendant to procure legal assistance; denied that Hart acted as sole attorney for defendant at any time prior to December 11, 1909; denied that he performed any service in the action for Hart, or that he was employed by him and alleged that long prior to the payment of the judgment recovered by her defendant was notified that plaintiff looked to her alone for compensation for his services. The case was tried before Hale, J., who made findings and conclusions as stated in the opinion. From the judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Morris P. Brewer* and *C. M. Ferguson,* for appellant.
*William A. Lancaster,* for respondent.

START, C. J.
Action to recover the reasonable value of the plaintiff's professional services, rendered in a personal injury action brought by defendant, and in which she had a verdict on the second trial thereof for $6,500. The answer denied that the defendant ever employed the plaintiff to act for her as attorney in her personal injury action. This case was tried by the district court of the county of Hennepin without a jury, and findings of fact made to the effect following:

The defendant herein was injured in the building of the Metropolitan Life Insurance Company, at Minneapolis, by its alleged negligence. On January 30, 1908, she entered into a contract with Mr. Francis B. Hart, an attorney at law, to prosecute her action against the insurance company and to pay him a stipulated percentage of any recovery which might be had, in full for his legal services in carrying on the action as her attorney. At the time of

such employment her attorney requested permission to employ upon his own account. assistant counsel, without expense to her, to be present at the trial. She assented to this request upon the express understanding that she should not in any manner be obligated to· such assistant counsel for any services. She expressed her satisfaction that Mr. Brewer, the plaintiff herein, might be so employed by Mr. Hart. The plaintiff herein signed the complaint in the personal injury action as of counsel, and assisted in the first trial, which resulted in a judgment for her in the sum of $5,700, which was reversed, and a new trial had. The reasonable·value of the services so rendered by the plaintiff is $500, and he had no knowledge or information as to any contract between the defendant and Mr. Hart until February 25, 1911, and he at all times believed that he was employed on behalf of the plaintiff in the action in which he rendered the services. The defendant was personally present at the first trial, but she "had no knowledge or information that Mr. Brewer made any claim whatever for and on account of any services rendered by him in her cause prior to the rendition of his bill therefor in 1910. She never expressly or impliedly authorized his employment, otherwise than by consenting that Mr. Hart might employ him in the case at his own expense, if he desired."

As a conclusion of law, judgment on the merits for the defendant was directed. Thereupon the plaintiff moved the court to further find as facts that the defendant intentionally concealed from the plaintiff the existence of her contract with Mr. Hart, and also that he was insolvent, that executions were issued on judgments against him, and levied on his interest in the defendant's judgment in her action, and the amount thereof was by order of the court paid to his several judgment creditors, of which the plaintiff had no notice until after the order was made. This motion was denied; also the plaintiff's further motion for a new trial. Judgment was entered in favor of the defendant in accordance with the conclusion of law, from which the plaintiff appealed.

The denial of plaintiff's motion for further findings of fact is assigned as error. We are of the opinion that the motion was right-

ly denied, for the findings requested were not relevant to any issue made by the pleadings. Besides, the evidence does not justify, much less require as a matter of law, a finding that the defendant intentionally concealed from the plaintiff the existence and terms of her contract with Mr. Hart.

The other assignments of error raise the question whether the findings of fact, to the effect that Mr. Hart was not authorized to employ the plaintiff in behalf of defendant, and that she never expressly or impliedly authorized his employment, otherwise than by consenting that Mr. Hart might employ him in the case at his own expense, if he desired, are supported by the evidence. An attorney has no authority to employ associate counsel at the expense of his client. White v. Esch, 78 Minn. 264, 80 N. W. 976.

The burden was upon the plaintiff to show Mr. Hart's authority in the premises. No claim is made that the defendant personally employed the plaintiff. The allegation of the complaint in this respect is that "the defendant, through her attorney, Francis B. Hart, to whom she gave express authority so to do, employed the plaintiff" to perform the services rendered by him. The question, then, is whether the evidence, as to the authority of Mr. Hart, so clearly and manifestly establishes his authority that it was an abuse of discretion on the part of the trial court to find that he was not authorized to employ the plaintiff. We have attentively considered the evidence and the briefs of counsel, and have reached the conclusion that the findings complained of are amply sustained by the evidence.

The last assignment of error is that the facts found do not support the conclusion of law. We are of the opinion that the conclusion of law and the judgment are supported by the facts found, which do not show that the defendant is estopped from denying the authority of her attorney, nor do they show that the plaintiff is entitled to recover upon an implied contract.

Judgment affirmed.