## WILLIAM J. HOY v. JAMES M. HOY.[1]

May 19, 1922.

No. 22,823.

**Employe's percentage on building contract — when paid in stock recovery limited to market value.**

An employer entered into a contract with an employe whereby he agreed to allow him "ten per cent (10%) of the net profits shown on contracts" for the construction of certain buildings. Thereafter a building was erected under a contract which provided that the employer should receive corporate stock at par in part payment of the contract price. The stock was taken and represented the employer's entire profit, but it was worth less than par. The employe refused to accept stock for his percentage of the profit and demanded payment of ten per cent of its par value. There was a conflict in the evidence as to the employe's knowledge of the terms of the building contract and his assent thereto. A verdict in his favor for ten per cent of the par value of the stock was directed. Held that, although the employe was not

[1]Reported in 188 N. W. 263.

bound to accept the stock and might elect to demand a cash settlement, he was limited in that case to a recovery of ten per cent of the market value of the stock, if, as a fact, he had knowledge of and assented to the terms of the contract under which the building was erected.

Action in the district court for Hennepin county to recover certain personal property or, in case recovery could not be had, $1,759.50, its value. Defendant set up a counterclaim for $3,641.79. The case was tried before Waite, J., who at the close of the testimony granted defendant's motion for a directed verdict in his favor for $3,190.99 with interest. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Barrows & Metcalf*, for appellant.

*Chester L. Nichols*, for respondent.

LEES, C.

This action was brought to recover possession of personal property. Defendant interposed a counterclaim upon which the jury was directed to find in his favor. Plaintiff has appealed from an order denying a new trial of the issues presented by the counterclaim.

Plaintiff and defendant are brothers, the former being a contractor, and the latter employed by him as superintendent of construction work. On May 1, 1915, it was agreed between them that defendant should thereafter receive $150 a month as his wages, and, in addition and as a bonus for his faithful, economic and effective handling of men and materials on construction jobs, "ten per cent (10%) of the net profits shown on contracts, the supervision of which (defendant) * * * directed from start to completion."

Plaintiff subsequently erected a building in the city of Milwaukee, known as the Plankington Arcade, pursuant to a contract which provided that he should receive $270,000, payable as follows: $230,-000 in cash and $40,000 in first preferred 7 per cent stock of the Plankington Arcade Company. Defendant superintended the construction of the building. By the terms of the settlement made when the building was completed, plaintiff received $309,936.79 in money and stock. The difference between this sum and the con-

tract price represented the value of extra work and materials. It cost plaintiff $277,670.34 to erect the building, and he was compelled to pay out $356.53 for the default of a subcontractor. It was stipulated at the trial that the net book credit or net book profit of the job was $31,909.92, and that plaintiff took 420 shares of the preferred stock of the Plankington Arcade Company at its par value of $100 a share in lieu of cash in part payment of the amount due him. From this it appears that plaintiff expended more than he received in cash and that, if he realized any profit, it is wholly represented by the stock. By his counterclaim defendant sought to recover a money judgment for ten per cent of the book profit aforesaid. In the reply to the counterclaim, plaintiff admitted that defendant was entitled to ten per cent of the alleged profit, but asserted that he was bound to take it in stock; that the stock had no market value; that its actual value could not be determined, and that he was and at all times had been ready, willing and able to turn over to the defendant his share of the stock.

Plaintiff testified that, before the defendant went to Milwaukee to supervise the construction of the building, he told him that under the contract he had to take $40,000 worth of preferred stock, and that defendant made no objection, but said he thought the stock would be a good thing to keep and would be worth something some time. He was unable to state whether this conversation took place before or after he signed the building contract. Plaintiff's bookkeeper corroborated him. Plaintiff also testified that the value of the stock did not exceed $10,000. Defendant testified that he had no such conversation with plaintiff and did not know that he had agreed to take the stock.

In directing a verdict upon the counterclaim the trial court ruled that defendant was entitled to receive his share of the profit in cash and that the stock which plaintiff took should be treated as of the agreed value of $40,000. We are of the opinion that, under his contract with plaintiff, defendant had the right to demand cash for his share of the profit. Hager v. Reilly, 241 Pa. 297. We are also of the opinion that if the defendant knew that plaintiff was about to enter into a building contract which required him to ac-

cept stock in part payment of the contract price of the building and made no objection but went on and superintended its construction with knowledge of the facts, he was not entitled to a cash settlement on the basis of the face value of the stock, but could claim no more than ten per cent of its market value.  Scase v. Gillette-Herzog Mnfg. Co. 55 Minn. 349, 57 N. W. 58; Thomas v. Columbia Phonograph Co. 144 Wis. 470, 129 N. W. 522; Tooey v. C. L. Percival Co. (Iowa) 182 N. W. 403; Park v. Grant L. Works, 40 N. J. Eq. 114, 3 Atl. 162.  The evidence relating to the above mentioned questions was in direct conflict, and hence the court should not have directed a verdict.  We may add that in our opinion defendant was not bound to seek a money judgment, but might elect to take his percentage of the stock representing plaintiff's profits.

Order reversed and a new trial granted as to the issue relating to the counterclaim.