# J. M. HOY v. CHESTER L. NICHOLS.[1]

## February 11, 1927.

## No. 25,593.

**Written contract for compensation of attorney, and his settlement with client, construed.**

In this action by client against attorney it appears that the retainer was under a written contract binding defendant to try a pending case for plaintiff. In the event that a judgment for his client should be "secured and collected" he was to have a fee of $1,000. As to compensation otherwise the agreement was silent. *Held*:

(1) The contract was not open to variation by parol evidence upon the theory that it expressed a part only of the agreement.

(2) So there was no room for oral proof for defendant that he rather than his client was obligated to pay costs and the contract was not champertous.

(3) Plaintiff declared on express contract. The defense was upon another, claimed to have been substituted. In either case, defendant's compensation was fixed by agreement and not value. Hence evidence as to reasonable value of defendant's services was properly excluded.

(4) Defendant collected and credited on the judgment $2,000. He must be charged with $100 which he paid out of that sum, without the consent of his client, to the attorneys for the judgment debtor.

(5) The jury was told precisely what issues they had to determine and no error can be predicated upon a remark made in the course of the charge that in the event of defendant's collecting less than the entire judgment "he would have some rights, but we do not have to consider them in this case."

Attorney and Client, 6 C. J. p. 662 n. 58, 59; p. 668 n. 21; p. 734 n. 15; p. 743 n. 35, 36.
Champerty and Maintenance, 11 C. J. p. 243 n. 17.
Evidence, 22 C. J. p. 1077 n. 65; p. 1098 n. 96; p. 1102 n. 97; p. 1110 n. 39; p. 1111 n. 41; p. 1289 n. 51.
Trial, 38 Cyc. p. 1316 n. 35; p. 1784 n. 85, 86.

---

See 2 R. C. L. 1040; 1 R. C. L. Supp. 685.
See 2 R. C. L. 1005; 1 R. C. L. Supp. 676; 6 R. C. L. Supp. 118.

[1]Reported in 212 N. W. 530.

Defendant appealed from an order of the district court for Hennepin county, Waite, J., denying his motion for judgment notwithstanding the verdict or a new trial. Affirmed.

*William M. Nash* and *LeRoy Bowen*, for appellant.

*W. W. Patterson*, for respondent.

STONE, J.

Action by client against attorney wherein, after verdict for plaintiff, defendant appeals from the order denying his alternative motion for judgment or a new trial.

The complaint declares upon two causes of action. The verdict was for plaintiff on the first and defendant on the second. In 1921 plaintiff was defendant in an action pending in the district court of Hennepin county wherein his brother, William J. Hoy, was plaintiff. Defendant offices with William M. Nash, another member of the Hennepin county bar. To start with, Nash was plaintiff's attorney. As the time for trial approached it was determined that, for reasons personal to Nash, he ought not to appear in the litigation. At that juncture plaintiff and defendant entered into the written contract which determines this controversy. Defendant, as attorney for plaintiff, agreed to try the pending case. Plaintiff was relying, with a confidence which the event justified, upon a counterclaim, and the contract provided that in the event a money judgment was "secured and collected" on that counterclaim the defendant would be entitled to $1,000 "fees in said case." Plaintiff got judgment for $4,299. That makes an alternative provision of the contract immaterial, the point now being that the stipulated fee, no other compensation being provided for, was payable only in the event that such a judgment should be "secured and collected." The contract did not provide any fee for collection in part.

The debtor was found nearly judgment proof. Defendant acted with diligence. He made several efforts to effect collection, all futile except the one with which we are presently concerned. In May, 1924, defendant caused a levy to be made upon an indebtedness of Hennepin county to the judgment debtor. That indebtedness exceeded plaintiff's judgment by a substantial sum, but there

were other claimants and danger of forcing the debtor into involuntary bankruptcy. There was thus created, according to the version of defendant, in which the jury agreed, an emergency which in the main justified him, his client then being in California and beyond the reach of immediate conference, in the course which he adopted. He came to an agreement with the representatives of the others involved, particularly the attorneys representing the debtor, that the levy would be released upon the payment out of funds due from Hennepin county of $2,000. Of that sum $100 was to be paid to the attorneys for the debtor as their fee. The arrangement was carried out, defendant getting $1,900 net to apply on plaintiff's judgment but giving the judgment debtor credit for the entire $2,000 received from the county.

For the collection defendant promptly accounted to plaintiff by a letter of May 28, 1924. It was accompanied by a check to plaintiff for $1,000, narrated the transaction resulting in the collection, and explained: "As I figure the matter, you owed me an attorney's fee of $1,000 with interest thereon since July 16, 1921, amounting to approximately $180, together with $120 cash advanced by me from time to time in paying the necessary expenses of the case and settlement of judgment for costs in the Supreme Court, making a total of $1,300 which you owed me. I felt that a fair division of the $1,900 collected would be a $1,000 to you and $900 to me leaving a balance of $400 due me to be paid when we have been fortunate enough to get hold of some more of W. J.'s property." The first cause of action, now merged in the verdict, declared for the recovery of the $1,000, claimed to have been wrongfully withheld by defendant. Plaintiff's theory is that defendant was entitled to no fee until the judgment was collected in full. Other facts will appear later.

1. Defendant's fee was contingent upon collection in full of plaintiff's judgment. Defendant's effort has been to escape the contract itself rather than the applicable law that the happening of the contingency is a condition precedent to recovery of a contingent fee. "The precise event * * * contemplated must happen." 6 C. J. 743. The contract was in writing and obviously intended to express the entire agreement. It is plainly not a case where only a part of

a contract has been committed to writing, within the rule of Phoenix Pub. Co. v. Riverside C. Co. 54 Minn. 205, 55 N. W. 912. It follows that parol evidence was inadmissible to vary or add to the terms of the contract.

2. The contract did not expressly require either party to pay costs. It said nothing about them and so left the obligation where it belonged, on plaintiff, the client. That he may have thought that defendant would have to pay the costs out of his fee could have no effect upon the contract. Such an assumption by one of the parties cannot alter the obligation of explicit agreement. Hence the contract was not champertous, for defendant, the attorney, was under no obligation to conduct the case at his own expense. Johnson v. G. N. Ry. Co. 128 Minn. 365, 151 N. W. 125, L. R. A. 1917B, 1140.

3. The case in which defendant was retained, Hoy v. Hoy, upon the first trial resulted favorably to plaintiff. There was an appeal to this court and a reversal, 152 Minn. 206, 188 N. W. 263. In order to get the case remanded and tried again (the judgment already referred to being the result of the second trial), costs of the appeal had to be paid. Plaintiff, it is averred, was not able to meet them. Defendant claims that a new contract was then made orally whereby he agreed to pay the supreme court judgment against plaintiff and, in the event of success in the new trial and the collection of any money "whether the whole or part" of the judgment, he was first to deduct all expenses incurred by him and divide the balance equally between plaintiff and himself, a limit of $1,000 being placed on his fee. In addition the answer alleges the reasonable value of defendant's services to have been in excess of $1,000. At the trial, evidence offered for defendant as to the reasonable value of his services was excluded. We perceive no error in that ruling. Plaintiff declared on one express contract; defendant on another. The jury agreed with plaintiff; but, whichever version be taken, defendant's compensation was fixed by contract and not by value. Here we note defendant's counterclaim. Its apparent basis is the substituted oral contract. But if it be construed as declaring for quantum meruit, the fact remains that it was dismissed on the motion of defendant himself.

4. The jury was instructed that defendant had received and was bound to account for $2,000. He was charged as a matter of law with the $100 paid the attorneys for W. J. Hoy. We consider the charge correct. True, defendant was confronted with an emergency. He was justified in releasing the levy upon getting in cash an amount substantially less than was due on his client's judgment. So far there can be no objection to his conduct. But, however pressing the circumstances may have seemed to him at the moment, and they were undoubtedly such as to demand prompt action, defendant was not justified in accepting $1,900 and crediting the judgment debtor with $2,000. An attorney has no implied power to employ another to assist him at the expense of his client. It is for the latter to "judge for himself whether assistance is wanted." Paddock v. Colby, 18 Vt. 485; note L. R. A. 1918F, 15. It would be less logical and more dangerous to hold that an attorney, without his client's consent but at his expense, may pay the compensation of his adversary. Defendant had no implied power to satisfy the judgment for less than its full amount. Burgraf v. Byrnes, 94 Minn. 418, 103 N. W. 215; Vaughn v. Robbins, 254 Mass. 35, 149 N. E. 677, 41 A. L. R. 1488; 6 C. J. 662; 2 R. C. L. 1005. So he had no implied power to satisfy the judgment here to the extent of $2,000 in exchange for $1,900. Defendant consented to a $2,000 reduction of the judgment. We think as a matter of law he was properly charged with that amount.

5. The jury was instructed that there was no provision in the contract as to what defendant's rights would be for getting a money judgment and collecting less than the whole. "He would have some rights, but we do not have to consider them in this case." The subject of the reference is not clear. It may have been defendant's position in the event of a breach of the contract by plaintiff of such a nature as to prevent performance by defendant. But the jury was told also what issues they had to consider and explicitly that nothing else mattered to them. We find no error in the instruction just referred to, nor merit in the argument that in other respects the charge was contradictory and confusing. From the jury standpoint the case

was involved—more so even than appears from this opinion, which is not concerned with the second cause of action. Upon that, the attempt was made to hold defendant for damages on account of his release of the levy upon the claim against Hennepin county. The case was analyzed for the jury in detail and in a manner concerning which there is no just cause for complaint.

We find nothing in the record to sustain defendant's claim that there was litigated by consent any issue as to whether the controlling contract was other or different than as indicated by the writing or that it continued to be with Mr. Nash rather than defendant.

Order affirmed.

## ON PETITION FOR REHEARING.

On March 18, 1927, the following opinion was filed:

PER CURIAM.

The petition of appellant for a rehearing is denied. In that connection, we take occasion to observe that nothing we say here can be taken as in any way extending the effect as a bar of the judgment to be entered below. Such a fear has been expressed, with special reference probably to subdivision 5 of the opinion. Certainly nothing said there can prejudice defendant if later he asserts and can establish the cause of action which he might have if he has been excused from further performance of the contract by a breach thereof by plaintiff.