256

## EUGENE J. CULHANE v.
## SADIE FRANCES O'SHEA BURNESS.[1]

March 21, 1952.

No. 35,709.

*Bergsten & Bergsten,* for appellant.
*John P. Degnan,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Plaintiff, an attorney, sued defendant in the municipal court of Minneapolis for alleged legal services in the sum of $300. Defendant denied that plaintiff had rendered any services. The case was tried by the court without a jury, and the court found for plaintiff in the sum of $100. Defendant moved for amended findings and con-

[1]Reported in 52 N. W. (2d) 451.

clusions or a new trial, and appealed from the order denying his motion.

Defendant assigns as error (1) that the court erred in refusing her a jury trial when demand was made before the commencement of the trial; and (2) that the court erred in finding as a matter of law that an associate counsel was entitled to recover personally from the client under the evidence in the case.

■ This action was commenced by service of a summons and complaint on October 13, 1949. Note of issue was served upon defendant's attorney November 14, 1949, and was filed with the clerk of the municipal court on November 16, 1949. The note of issue stated that the action was for trial "by the Court * * * Jury waived." Notice of trial as a court case was mailed to the respective attorneys approximately one month prior to the trial. The action came on for trial on September 14, 1951. Defendant had never made any apparent effort prior to this time to have the case transferred to the jury calendar. Before any testimony was taken, however, on the day of the trial, defendant requested a jury trial. The trial judge denied defendant's request on the ground that it was not seasonably made; that the parties had ample notice that the court was to try the case; and that her conduct constituted a waiver of a jury trial. It further appears that defendant had never made any effort to pay the required jury fee.

M. S. A. c. 488, Appendix 1, § 9, is a special statute providing for the right to a jury trial in the municipal courts of Minneapolis. Its terms explicitly provide that such right is waived if certain conditions are not met. It states in substance that a note of issue shall be prepared containing, among other things, a statement whether the party desires a jury of 12 or a special jury of six persons, and that such note of issue shall be served upon opposing counsel and filed with the clerk of court within a certain time. It further provides for payment of jury fees and that if the adverse party desires a jury of 12 persons, the moving party having failed to ask for one, he shall file a written request therefor with the clerk and pay the jury fee within five days after service of the note of issue.

The statute then expressly provides that if neither a jury of 12 nor a jury of six is demanded the jury shall be deemed to have been waived and, upon the expiration of five days after filing the note of issue, the clerk shall set the cause for trial "in accordance with such rules as the judges may make, * * *."

Here, the note of issue stated that the action would be placed on the calendar for trial by the court. Counsel for both parties were notified and had knowledge of this. Defendant allowed almost two years to elapse before she demanded a jury trial. When such demand was made, the parties were in court prepared for trial, and court was ready to commence. It seems to us that the trial judge acted in the interests of justice, which requires the expediting of the orderly handling of cases.

Furthermore, it is our opinion that M. S. A. c. 488, Appendix 1, § 9, explicitly gave defendant a stated period of time within which to demand a jury trial; that she did not comply with it; and that under the statute her conduct constituted a waiver of a jury trial.

Defendant relies particularly on Williams v. Howes, 137 Minn. 462, 162 N. W. 1049, which we do not consider controlling in the case at bar. That was an action in the district court of Ramsey county to recover damages for allegedly fraudulent representations which induced plaintiff to enter into a contract. Plaintiff had persistently tried to secure a jury trial, but the case was placed on the calendar for trial by the court. When the case was called in its order on the calendar, plaintiff demanded a jury trial, but was refused. This was held to be error, under G. S. 1913, § 7792, guaranteeing a jury trial.

The situation here is entirely different. Defendant never made any effort to obtain a jury trial until the actual day the case came on for trial. Furthermore, the Williams case was an action in district court, which fell under the statute providing for waiver of a jury trial in that court. See, M. S. A. 546.26, which is derived from G. S. 1913, § 7814, the statute in force at the time the Williams case was tried. Here, the cause was tried in municipal court, which applied its own statute governing waiver of jury trials.

M. S. A. c. 488, Appendix 1, § 9. We find no error in the court's ruling that defendant had waived her right to a jury trial.

In regard to defendant's second assignment of error, an examination of the record satisfies us that plaintiff rendered some services to defendant and that the trial court was justified in fixing the amount which it did. It appears that one William G. Compton was acting as attorney for defendant. It also appears that plaintiff was associated with Compton and that the court justifiably could have determined from the conflicting evidence that plaintiff had appeared in court with defendant on at least one occasion.

We recognize the well-settled rule that an attorney has no implied authority to engage associate counsel and impose upon his client a liability for the fees of such associate. Brewer v. Hartman, 116 Minn. 512, 134 N. W. 113; Hoy v. Nichols, 170 Minn. 191, 212 N. W. 530; Annotation, 90 A. L. R. 265, 266. Nevertheless, we also recognize that if a client ratifies the unauthorized acts of his attorney he is bound thereby. N. P. Ry. Co. v. Pioneer Fuel Co. 148 Minn. 214, 181 N. W. 341.

It is therefore our opinion that the court was justified in finding as it did in the instant case.

Affirmed.