## MARSHALL B. RONNIGEN v. SAMUEL H. HERTOGS.

199 N. W. 2d 420.

June 30, 1972—No. 43168.

*Merlin, Kiefer & Starr, William Starr,* and *Bruce W. Okney,* for appellant.

*Altman, Geraghty, Mulally & Weiss, K. M. Schadeck,* and *Judd S. Mulally,* for respondent.

8

Heard before Knutson, C. J., and Rogosheske, Kelly, and Mason, JJ.

ROGOSHESKE, JUSTICE.

Plaintiff appeals from an order denying his motion for a new trial of his action for damages for alleged malpractice against defendant, an attorney at law of the State of Minnesota.

Plaintiff claims he retained defendant as his attorney, who then negligently failed to prosecute a tort claim for property damage resulting from the alleged negligence of two municipal corporations. The dispositive issue is whether the trial court erred in directing a verdict for defendant. Applying the test for granting a motion for a directed verdict, Rule 50.01, Rules of Civil Procedure, we hold the trial court properly determined the evidence was insufficient to present a fact question to the jury of whether an attorney-client relationship existed between defendant and plaintiff and accordingly affirm the trial court's order.

The detailed facts giving rise to plaintiff's property-damage claim against the municipalities can be found in Larson v. Township of New Haven, 282 Minn. 447, 165 N. W. 2d 543 (1969). Briefly, for purposes of this case, plaintiff's semitractor and trailer loaded with livestock was destroyed on May 22, 1964, when Merlyn W. Larson, his driver-employee, was unable to negotiate a turn where the township roads of Pine Island and New Haven townships form a T-intersection. The vehicle left the roadway, broke off a utility pole, and overturned, causing not only plaintiff's loss but also Mr. Larson's death. Mrs. Larson, as trustee represented by defendant at trial, recovered damages for her husband's death against Pine Island township upon findings, which we affirmed, that the township was negligent in failing to post proper highway warning signs and that decedent, her husband, was free of contributory negligence. Larson v. Township of New Haven, *supra.*

Plaintiff commenced this action in 1970 seeking recovery of his loss against defendant upon claims that (1) on May 28, 1964,

6 days after the accident, he also retained defendant, who was representing Mrs. Larson, to prosecute his claim for damages to his tractor and trailer against the townships; (2) defendant negligently failed to preserve his right to seek recovery from the townships by neglecting to serve a notice of his claim upon the municipalities within 30 days of the accident;[1] and (3) but for defendant's negligence, plaintiff would have been successful in recovering damages from Pine Island township, whose liability for the accident had been established by Larson v. Township of New Haven, *supra*. After plaintiff presented his case to the jury, the court granted defendant's motion for a directed verdict. In denying plaintiff's post-trial motion for a new trial, the court explained:

"After the review of the record the Court remains of the opinion that Plaintiff failed to establish fact issues with respect to an attorney-client relationship, and also failed to establish that he would have been successful in prosecuting his cause of action."

The more complicated question of whether plaintiff's proof failed to establish the township's liability for his loss need not be reached, for the evidence fell short of establishing an attorney-client contractual relationship creating a duty of due care upon an attorney, the primary essential to a recovery for legal malpractice.[2] One cannot read the transcript of the testimony in the light most favorable to support plaintiff's claim without being compelled to conclude that no disputed fact issues were raised for a jury to resolve, and that plaintiff did not in fact retain defendant, who was then a complete stranger, as his at-

---

[1] A statutory prerequisite to a tort suit against a municipality. Minn. St. 466.05.

[2] Christy v. Saliterman, 288 Minn. 144, 179 N. W. 2d 288 (1970). See, also, White v. Esch, 78 Minn. 264, 80 N. W. 976 (1899); 10 Williston, Contracts (3 ed.) § 1285; 4 Elliot, Contracts, § 2857; 7 C. J. S., Attorney & Client, § 65; 7 Am. Jur. 2d, Attorneys at Law, §§ 91, 167, 188; Wood, Fee Contracts of Lawyers, c. III, § 8; Cheatham, Cases on the Legal Profession (2 ed.) c. X, § 1, part A.

torney. The record is clear that on May 28 defendant came to plaintiff's farm to ascertain facts supporting possible claims of his client, Mrs. Larson, not only against the townships but also for workmen's compensation benefits from plaintiff, her husband's employer. The discussion upon which plaintiff relies concerning whether defendant could also represent plaintiff's property-damage claim was only incidental. At best, plaintiff proved no more than an expectation to employ defendant as his attorney. His testimony demonstrates that, subsequent to the accident, he suggested to Mrs. Larson that they employ another attorney known to him to pursue both their claims against the townships; that he believed she had agreed to this course; and that since she apparently preferred defendant, he expected to retain defendant if he personally found it necessary to later employ an attorney. Plaintiff believed, and so told defendant, that he expected to recover, apparently without assistance of counsel, because he was assured by a Pine Island township supervisor that the township had recently "taken out an insurance policy for this type of thing" and "when a bridge is down, or a sign is down * * * they should become liable."

About June 23, plaintiff received a letter from defendant acknowledging that Mrs. Larson had filed a claim for workmen's compensation benefits against him. Since the claim had been filed on June 11, defendant assumed plaintiff might know of it, and the letter at most solicited plaintiff's cooperation with Mrs. Larson in her tort action despite the filing of this claim, which, as defendant wrote, created "a diversity of interest as between yourself and us." Following this letter, plaintiff consulted the attorney he had earlier suggested to Mrs. Larson to handle both their claims. Plaintiff was then advised that his claim was now barred by the 30-day-notice requirement. His testimonial conclusion that he believed he had in fact retained defendant at their May 28 meeting appears most likely and understandably to have been reached only after he was advised his claim against the townships was barred.

Under the fundamental rules applicable to contracts of employment or the doctrine of promissory estoppel, Restatement, Contracts, § 90, urged as a theory of recovery by plaintiff for the first time on appeal, the evidence would not sustain a finding that defendant either expressly or impliedly promised or agreed to represent plaintiff in his property-damage claim against the townships.

Affirmed.

MR. JUSTICE OTIS and MR. JUSTICE TODD took no part in the consideration or decision of this case.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.