**Roy T. SPANNAUS, et al., Appellants,**

v.

**LARKIN, HOFFMAN, DALY, AND LINDGREN, LTD., et al.,
Respondents.**

No. C4-84-1998.

Court of Appeals of Minnesota.

May 28, 1985.

Review Denied Aug. 20, 1985.

Charles Clayton, Kenneth Ketterhagen, Minneapolis, for appellants.

J. Richard Bland, Minneapolis, for respondents.

Heard, considered and decided by CRIPPEN, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellants Roy T. Spannaus and Camelot Chateau Corporation, Inc., sued respondents, a law firm and an individual lawyer, alleging legal malpractice. This appeal is from the trial court's summary judgment in favor of respondents. We affirm.

## FACTS

Appellants, an individual and a corporation, were the general partners in a limited partnership known as Camelot Chateau Apartments. In 1971, the partnership became involved in plans for constructing apartments in St. Paul. The limited partners voted to remove appellants as general partners effective in August 1974.

As part of the financing for the apartment project, appellant Spannaus had letters of credit at Commercial State Bank. Those were paid by Commercial State Bank, and the bank served a summons and complaint on Spannaus on August 21, 1974, for repayment on his guarantee for the letters of credit. Spannaus did not answer the complaint, and default judgment was entered against him on October 17, 1974.

Appellant Spannaus first met with respondent law firm on October 5, 1974. He brought with him a number of papers, in-

cluding the Commercial State Bank summons and complaint. He says that his primary purpose in going to the law firm was for representation on his removal from Camelot Chateau Apartments. He could not specifically recall requesting that the firm represent him on the bank lawsuit, but says he assumed it would. Spannaus also informed respondents that another attorney, Morley Friedman, was representing him on the Commercial State Bank litigation.

In affidavits, respondents stated that they were retained to represent appellants only on claims arising from removal of appellants as general partners, and not in the bank suit. The firm informed Spannaus of this fact in several letters. Further, respondent Anthony had contact with attorney Friedman, who informed Anthony that he was not representing Spannaus in any connection. Anthony promptly contacted Spannaus with this information, advising him that he should contact Friedman if he had any defenses.

In a memorandum, the trial court observed that the uncontroverted evidence showed that respondent Anthony was not retained by appellants in the Commercial State Bank litigation.

Appellants also claimed that Spannaus discussed with respondents the theory that he was ousted as a general partner of Camelot Chateau because of a conspiracy, and that despite many requests, the law firm refused to engage in any discovery to find evidence of conspiracy. Appellants claim their suits on the Camelot matter failed due to a breach of discovery duties by respondents.

Respondent Anthony stated that his conduct and his law firm's conduct conformed with the accepted standards of legal practice in the representation of appellants.

Anthony said he did not believe that the evidence supported the theory of conspiracy. He recommended that Spannaus not pursue the conspiracy theory, and he advised Spannaus to get other legal opinions on the recommendation. In fact, Spannaus took his file to other attorneys twice. An-

thony stated that one reason behind his recommendation was that Spannaus himself would be viewed as a participant in the alleged conspiracy.

Appellants also submitted two affidavits, each signed by an attorney. Each attorney was asked two identical hypothetical questions, one regarding the Commercial State Bank complaint and the other regarding the alleged failure to conduct discovery. They were then asked whether the "course of action" of counsel constituted "a failure to live up to the ordinary standards of attorneys?" Both attorneys answered yes to the questions.

The court noted that in the three years since the commencement of the action, appellants produced no expert testimony in support of their claims of malpractice, although they were specifically advised by the court that this testimony was necessary. The court stated:

To date, plaintiffs have done nothing but rely upon general statements of fact with respect to alleged malpractice of defendants. Plaintiffs have produced absolutely no testimony to demonstrate that specific facts are in existence which create a genuine issue for trial. Moreover, given the undisputed facts, there is no evidence that defendants have violated applicable standards of practice in representing plaintiffs in these matters.

The trial court granted summary judgment in favor of respondents on both issues, and this appeal followed.

### ISSUES

1. Is there a genuine issue of material fact on appellants' claim that an attorney-client relationship existed between the parties as to the Commercial State Bank complaint?

2. Is there a genuine issue of material fact as to the charge that respondents breached their duty to investigate the appellants' complaint of conspiracy?

3. Should this court consider the claim that appellants' action is barred by the statute of limitations?

## ANALYSIS

Rule 56.03 of the Minnesota Rules of Civil Procedure provides that upon a motion for summary judgment:

Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Upon review of an order granting summary judgment, this court must "determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). The non-moving party has the benefit of that view of the evidence which is most favorable and is entitled to have all doubts and factual inferences resolved against the moving party. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

When deciding a motion for summary judgment in a malpractice case, the trial court must consider "the well-established rule protecting a professional against honest errors in judgment." *Cook v. Connolly,* 366 N.W.2d 287, 292 (Minn.1985). The Minnesota Supreme Court cautions against the "omniscience of hindsight" in appraising a lawyer's conduct. *Id.* at 292, quoting language from *Meagher v. Kavli,* 256 Minn. 54, 57, 97 N.W.2d 370, 373 (1959).

### 1.

In order to prevail in a legal malpractice case, a plaintiff must establish four elements:

(1) the existence of an attorney-client relationship; (2) acts constituting negligence or breach of contract; (3) that such acts were the proximate cause of the plaintiff's damages; (4) that but for defendant's conduct the plaintiff would have been successful in the prosecution or defense of the action.

*Blue Water Corp., Inc. v. O'Toole,* 336 N.W.2d 279, 281 (Minn.1983). Failure of proof on any one element defeats recovery. *Id.* at 282.

In this case, the trial court determined that there was no genuine issue of material fact as to the existence of an attorney-client relationship between respondents and appellants on the matter of defending in a lawsuit. We agree.

It is clear from undisputed facts that appellant Spannaus did not expressly ask respondents to represent appellants on the Commercial State Bank lawsuit. At most, appellant Spannaus gave respondents the summons and complaint, along with a number of other documents, and, as examined by hindsight, hoped that respondent would represent appellants as to "everything."

This type of case is distinguishable from *Togstad v. Vesely, Otto, Miller & Keefe,* 291 N.W.2d 686 (Minn.1980), where the court found that a jury could properly find that the client sought and received legal advice from the attorney, under circumstances where advice was obtained and it was reasonably foreseeable that the client would be injured if the advice were negligently given. *Id.* at 693. The facts here do not show that respondents gave appellants any legal advice on the bank lawsuit.

Respondents here were hired specifically for a task, other than representation on the Commercial State Bank matter. The individual respondent stated that the firm was not representing him. Appellant Spannaus was warned several times by respondent that if he had a defense, he should report this to another attorney. On these undisputed facts, there is no evidence that would support the assertion that an attorney-client relationship existed between the parties as to the Commercial State Bank litigation. *See Ronnigen v. Hertogs,* 294 Minn. 7, 10, 199 N.W.2d 420, 422 (1972), where the court found, upon an appeal after a directed verdict in favor of defendant in a legal malpractice case, that the evidence fell short of establishing an attorney-client relationship and that, at best, plaintiff

proved no more than an expectation to hire defendant as his attorney.

### 2.

Respondents did agree to represent appellant in a suit dealing with his role in Camelot Chateau Apartments. The second issue concerns appellants' assertions that respondents failed to conduct sufficient discovery on Spannaus' theory that others engaged in a conspiracy when he was removed as a general partner of Camelot. The trial court held that appellants have produced no testimony to demonstrate the existence of specific facts which create a genuine issue for trial. We note that respondent Anthony did not believe the evidence supported the conspiracy theory, and advised appellant to go elsewhere if he wished to pursue the theory. There is no evidence that respondents neglected any commitment for particular action or any professional standard bearing on the action.

The trial court held that, despite the submission of the two affidavits by attorneys, that plaintiffs have produced no expert testimony to support their claims of malpractice. At issue is whether the trial court erred in finding that affidavits submitted by appellant were insufficient to provide the expert testimony required.

The supreme court·has held in a legal malpractice case:

> Expert testimony should be generally required to establish the standard of care applicable to an attorney whose conduct is alleged to have been negligent and further to establish that his conduct deviated from that standard. That general rule should be subject to the exception that such expert testimony is not necessary in cases where the conduct complained of can be evaluated adequately by a jury in the absence of expert testimony.

*Hill v. Okay Construction Co., Inc.,* 312 Minn. 324, 337, 252 N.W.2d 107, 116 (1977). In *Hill,* the court found that where no expert testimony was presented, the conduct complained of in that case could adequately be evaluated by a jury in the absence of expert testimony.

In this case, expert testimony is required. Without such expert testimony, a jury would not be able to determine the standard of care and whether respondents breached that standard of care in decisions about discovery in a lawsuit.

The expert testimony should indicate the standard of care and any departure therefrom. *Hill* at 337, 252 N.W.2d at 116. The affidavits presented merely ask the affiant to assume certain facts (some of which are not supported by the record), and then ask whether such a course of action is a failure to live up to the ordinary standards of attorneys; they do not detail the standard of care or show specific departures therefrom. The affidavits are insufficient support for appellants' claimed cause of action.

### 3.

Respondents also contend that the malpractice claim is barred by the statute of limitations. This issue was not addressed by the court below. Upon review of a summary judgment motion, a reviewing court may not ordinarily consider issues not considered by the trial court. Exceptions may be made only when a failure to review the issue would work an injustice or infringe upon a constitutional right. *Hyduke v. Grant,* 351 N.W.2d 675, 677 (Minn.Ct.App.1984), *pet. for rev. denied* (Oct. 16, 1984). In this case, the exceptions are not applicable, and this court should not consider the argument.

### DECISION

The trial court did not err in entering summary judgment in favor of respondents. There was no showing of genuine issues of material fact on claims of an attorney-client relationship as to the Commercial State Bank litigation or as to breach of duty in dealing with appellants' conspiracy complaint. This court will decline to hear respondents' claim that appellants' action was barred by the statute of

limitations where the theory was not presented to the trial court.

Affirmed.